## 62021. WALLACE v. THE STATE.

POPE, Judge.

Appellant was convicted for the armed robbery of a jewelry store in Richmond County. At the time the robbery was reported the police ran a computer check of the license plate on the getaway car. The result indicated that the vehicle was registered to Emma Ruffin, whose address was the Mt. Zion Apartments. Officers proceeded to that apartment complex immediately after the robbery and located the vehicle parked there. Bystanders told the officers that, about five minutes before their arrival, a man and a woman had driven up in the automobile and had gone into an apartment. The witnesses indicated that the woman left a short time later. The officers searched the vehicle and found a pistol under the front seat.

One of the officers learned from the manager that the apartment entered by the suspects was leased to Maxine Bell. No one answered the door so the officers entered the apartment by use of the manager's pass key. Appellant and another man were found hiding in the bathroom and were arrested. The apartment was searched and the rings taken in the robbery were found hidden in a box in the closet. Appellant was taken back to the jewelry store where he was positively

identified by the robbery victims.

1. Appellant assigns as error the trial court's determination that he was not a resident of the apartment and therefore lacked standing to contest the validity of the search which uncovered the stolen diamond rings. Evidence presented at the hearing on the motion to suppress indicated that Maxine Bell leased the apartment and paid the rent and utility bills. The testimony as to the nature of appellant's relationship with Ms. Bell was inexact. Ms. Bell testified at the hearing that she had known appellant "for years," that he was her fiance, and that they had been living together for most of the time she had known him. On cross examination, however, she denied and then admitted signing a statement after being arrested in connection with this crime which stated that she had known appellant for only two months prior to the time of the robbery. Appellant indicated that he and Ms. Bell had been acquainted for approximately eight months before the robbery and stated that "we officially was man and woman on August 30, 1979, that's when our living date became somewhat permanent." Ms. Bell was asked how often during the week appellant would stay all night at the apartment. Ms. Bell responded, "No certain amount, you know, of time, maybe a week, maybe three or four days, I don't know." Appellant testified that he stayed at Ms. Bell's apartment the majority of the time and kept some of his clothes there, but he also testified that he kept some of his clothes at the residence of one of his previous girlfriends. Despite this testimony, a search of the apartment by police officers with Ms. Bell's consent the day after appellant's arrest revealed no men's clothing, shoes, papers or anything whatsoever that pertained to appellant in the apartment.

Based upon this evidence and the conflicting testimony of the witnesses, the trial judge determined that appellant was not in fact a resident of Ms. Bell's apartment. Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. *McFall v. State,* 235 Ga. 105 (1) (218 SE2d 839) (1975). We therefore conclude that the trial court did not err in its ruling that appellant did not have a legitimate expectation of privacy in the apartment of Ms. Bell. Rakas v. Illinois, 439 U. S. 128 (99 SC 421, 58 LE2d 387) (1978).

2. The appellant also enumerates as error the trial court's failure to charge on robbery by intimidation, which is a lesser included offense of armed robbery. Code Ann. § 26-1902. Under Georgia Supreme Court guidelines the accused may, by written application to the trial court at or before the close of the evidence, request a charge on lesser crimes that are included in the crime set forth in the indictment. The trial court's failure to give the requested

charge is error if the evidence warrants such charge. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

The appellant testified at trial that he did not have a gun during the robbery but that he distracted the clerk by asking her about various jewelry and watches in the store. He testified that when she was not looking, he took the trays of diamonds and put them in a shopping bag. He stated that he took two trays before any were given to him, but when he thought the clerk might notice that the trays were missing, appellant testified, "I just told her, 'Look, come here and put the rest of them in the bag.' " The sales clerk, however, testified that appellant produced a weapon and ordered her to fill the bag with diamonds. A bookkeeper for the store testified that she was entering the store as appellant was fleeing and saw appellant with a gun and the bag.

The requested charge in the present case was untimely, having been filed after the completion of the charge to the jury. Additionally, the jury was charged with the law concerning the offense of theft by taking and could have found appellant guilty of that lesser offense had they believed his contentions that he took the diamonds without the use of a pistol. Nonetheless, the jury found appellant guilty of armed robbery, thereby rejecting his contention that he had taken the diamonds without the use of a weapon. In the absence of a timely request to charge, and because the evidence did not demand a charge on robbery by intimidation, it was not error to fail to charge on that lesser included offense. See *Holcomb v. State,* 230 Ga. 525 (198 SE2d 179) (1973); *Griffeth v. State,* 154 Ga. App. 643 (3a) (269 SE2d 501) (1980).

3. Appellant also enumerates as error the trial court's failure to charge the jury on the law of robbery by force. Code Ann. § 26-1901. "Force implies actual personal violence, a struggle and a personal outrage. If there is any injury done the person, or if there is any struggle by the party to keep possession of the property before it is taken from him, there will be sufficient force or actual violence to constitute robbery." *Long v. State,* 12 Ga. 293, 320 (9) (1852). As there was no evidence of robbery by force in the record, a charge thereon was not required.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED OCTOBER 5, 1981.

*Victor Hawk,* for appellant.

*Samuel B. Sibley, Jr., District Attorney,* for appellee.