## 65777. HIGHTOWER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for armed robbery. *Held:*

1. From the evidence adduced at the trial, a rational jury could reasonably have found proof of defendant's guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. It is asserted that the trial judge erred in denying defendant's motion for continuance because trial counsel was appointed on May 10, 1983 and trial began on May 12, 1983.

We recognize that " '[u]ndue haste in the administration of the criminal law is as much to be condemned as unnecessary delay. The true course lies between these two extremes.' " *Smith v. Greek,* 226 Ga. 312, 317 (175 SE2d 1). Our Supreme Court has also pointed out: "The constitutional guaranty of benefit of counsel to one charged with an offense against the laws of this State means something more than the mere appointment. Such counsel is entitled to a reasonable length of time to prepare properly his defense." *Smith v. State,* 215 Ga. 362 (1) (110 SE2d 635).

Standing alone, the facts heretofore recited would raise a grave question as to whether the trial judge abused his discretion in refusing a continuance. However, a review of the totality of circumstances herein involved serves to dispel such apprehension. The defendant was indicted January 27, 1982. Counsel was appointed and appeared at his arraignment February 1, 1982. Counsel withdrew upon being informed by defendant that he desired private counsel. Defendant was informed by the court that it was his responsibility to obtain an attorney. On April 1, 1982, defendant appeared before the court in compliance with an order, at which time in response to inquiry he assured the court he would hire an attorney. Again in May at calendar call the defendant had not employed counsel and was informed he would go to trial the following week. On May 7, 1982 a special hearing was conducted concerning the lack of counsel, defendant reiterated his desire to employ an attorney and was directed by the court to do so. On May 10, 1982, the day set for trial the defendant appeared sans attorney. The trial judge then appointed present trial (and appeal) counsel and gave counsel "a few days to talk to him." From the hearing on the Motion for Continuance held on May 12, 1982, it appears that the state turned over its file on defendant to his counsel and the indictment listed 8 witnesses for the state. Actually on trial the state called only two witnesses, the victim and the officer most directly concerned with the investigation; the defendant was the only witness on his behalf.

Therefore, considering all aspects of this case we find no error in

the denial of the motion to continue the case. We make this ruling based on the following maxims: ". . . motions for a continuance predicated on the basis that counsel had not had sufficient time to prepare for trial address themselves to the sound discretion of the trial court, and the ruling of the trial judge in denying a motion for a continuance will not be interfered with unless the court has abused its discretion in denying the motion." *Burnett v. State,* 240 Ga. 681, 684 (242 SE2d 79). In *Walker v. State,* 157 Ga. App. 484 (1) (277 SE2d 740) this court observed: " 'Our decisions must be made on a case-by-case basis after reviewing the particular facts at hand . . . Counterbalancing the court's duty to insure that the defendant is not brought to trial with unnecessary haste and with possible prejudice to his defense is our obligation to prevent defendants from trifling with the operation of the trial courts in an attempt to obtain delay or some other perceived advantage. For this reason, this court will find the denial of requests for continuance in situations such as this to be error only with great reluctance.' " There under circumstances similar to the instant case the "fault in nonrepresentation" was found to lie with defendant.

In *Hendrix v. State,* 145 Ga. App. 170 (2) (243 SE2d 112) where counsel was appointed for defendant's arraignment but he was directed to thereafter procure his own counsel this court held: "The fact that the defendant had not been determined to be indigent and had utterly disregarded the trial court's instructions to obtain counsel and had failed to contact his appointed counsel or the trial court thereafter shows clearly that the motion for continuance was a mere dilatory tactic, and the trial court being well aware of all the facts involved did not abuse its discretion."

*Jones v. State,* 146 Ga. App. 88 (1) (245 SE2d 449) involved the following factual situation: "The accusation against the defendant for theft by taking was issued some months before the trial, and examination of the record reveals that the defendant was originally represented by another attorney. The fact that the defendant changed counsel and that the new counsel, who came in one day prior to the trial, requested a continuance which was denied, does not represent reversible error." We held: "The defendant, not the state, is chargeable with the delay in such a situation, absent a showing of why the late employment of counsel occurred."

A clear summation of the principles involved is found in *Standridge v. State,* 158 Ga. App. 482, 484 (280 SE2d 850) wherein it was stated that: ". . . by his own misconduct, a defendant may, by repeated continuances giving rise to a valid conclusion that delay is the actual motivation, ultimately forfeit the right to yet another delay solely for the purpose of allowing the final counsel the

opportunity to make trial preparations. A defendant will not be permitted to use the change of counsel as a dilatory tactic in requesting a continuance. . . . Mere shortness of time for preparation by counsel does not ipso facto show a denial of the rights of an accused. Something more is required. . . . Stated otherwise, even if counsel shows error, that error must be shown to be harmful. . . . Thus where there is no convoluted case or one without a large number of witnesses or intricate defenses, denial of a continuance merely because of shortness of time will not reflect an abuse of discretion." (Citation omitted.) Accord, *Bearden v. State,* 159 Ga. App. 892 (2) (285 SE2d 606). See *Scott v. State,* 151 Ga. App. 840 (2) (262 SE2d 198).

3. It is contended that the trial judge erred by admitting evidence which was obtained as the result of an illegal arrest. " '[T]he mere fact that admissions are made by one while under illegal arrest does not render inadmissible testimony obtained from him which would otherwise be admissible.' " *Smith v. State,* 159 Ga. App. 20 (1), 21 (282 SE2d 677). Accord, *Mobley v. State,* 164 Ga. App. 154 (4) (296 SE2d 617), wherein it was pointed out "the legality of the detention is simply one factor to be considered in determining whether or not the statement is voluntary."

"Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous." *Johnson v. State,* 233 Ga. 58 (209 SE2d 629). We, therefore, find no basis for reversal where "the trial judge and jury were authorized to determine from the circumstances that these statements were voluntary and admissible." *Mace v. State,* 144 Ga. App. 496, 499 (241 SE2d 615).

4. Error is assigned on the admission of defendant's statements which were obtained without his attorney being present. Defendant's argument is that, because counsel had been appointed for him at the lineup and the police knew such fact, his statement was inadmissible. Such contention is misplaced.

The trial judge conducted a full scale Jackson v. Denno hearing, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), and determined that the defendant's statements were voluntary. We find this to be sustained by a preponderance of the evidence. Moreover, it was shown at the hearing that the defendant was advised of his Miranda rights and at no time invoked his right to have counsel during custodial investigation.

In *Waddell v. State,* 160 Ga. App. 743, 745 (288 SE2d 90), this court held: "as we interpret Edwards [451 U.S. 477 (101 SC 1880, 68 LE2d 378)], the accused must actively invoke his right to have counsel present during custodial interrogation before the procedural

safeguards set forth therein come into play. There is a distinction between having counsel appointed or retaining counsel and a defendant specifically asserting his right to have counsel present during interrogation."

In *Emmett v. State,* 243 Ga. 550, 556 (8) (255 SE2d 23), the Supreme Court held: "Assuming without deciding that counsel had already been appointed for Emmett prior to his making the statement and that police knew this fact, that would not alone make his statement inadmissible. We have previously refused to adopt such a rule." Accord, *Waddell v. State,* 160 Ga. App. 743, 745,supra; *Golden v. State,* 163 Ga. App. 629, 631 (295 SE2d 144); *Pierce v. State,* 235 Ga. 237, 238 (2) (219 SE2d 158); *Highfield v. State,* 246 Ga. 478, 483 (6) (272 SE2d 62).

We, therefore, find that the trial judge's ruling based on all the circumstances was not error.

5. Counsel for defendant urges that the trial court erred in allowing the jury to read the defendant's statement as well as his waiver of rights.

This ground is based upon the following factual situation. After the defendant's statement was read to the jury, it and his waiver of rights were then given to the jury for examination by the jurors. The defendant objected on the grounds that such evidence could not be taken out by the jury during their deliberations and they could not view it at trial. The trial judge overruled the objection, stating he would not allow the document to go with the jury during deliberation but would permit them to "see it now." The defendant then moved for a mistrial which was overruled.

In *Royals v. State,* 208 Ga. 78 (2) (65 SE2d 158) by a 4 to 3 decision, the Supreme Court held: "All writings introduced in evidence in lieu of testimony from the witness stand, such as interrogatories, depositions, dying declarations, and confessions of guilt of a defendant or of an alleged coconspirator, which depend entirely for their value on the credibility of the maker, should not be in the possession of the jury during their deliberations. Where any of such papers are delivered to the jury, over timely objections, a new trial must be granted." Subsequently in *Walker v. State,* 215 Ga. 128, 129 (2) (109 SE2d 748), the Supreme Court, by another 4 to 3 decision, reversed the trial court who, over objection, permitted a defendant's written confession to go to the jury room to be considered during their deliberations. Since that time the rule has become established and has been cited in numerous decisions of both our appellate courts. See e.g., *Proctor v. State,* 235 Ga. 720, 723 (221 SE2d 556); *Johnson v. State,* 244 Ga. 295, 296 (3) (260 SE2d 23); *Gribble v. State,* 248 Ga. 567, 572 (7) (284 SE2d 277); *Thomason v. Genuine Parts Co.,* 156 Ga.

App. 599, 601 (275 SE2d 159).

As to permitting the preprinted waiver of rights form to be viewed by the jury, we find no error. This court has approved the allowance of such a document to go to the jury room since it does not contain testimony and, therefore, it is distinguishable from the above line of cases. *Davis v. State,* 162 Ga. App. 190 (1) (290 SE2d 124).

As to defendant's written statement, we note that these decisions do not directly involve the instant situation which is whether the jury may re-examine the document containing a written confession which has just been read in open court.

Since this is apparently a question of first impression, we examine the basis of the above rule in order to reach a conclusion as to whether error was committed in this case. In *Spence v. State,* 96 Ga. App. 19 (3) (99 SE2d 309), this court reversed the admission of a traffic ticket and equated such documents to a "third witness" present in the jury room which would lend undue emphasis to that portion of the testimony. Accord, *Cain v. State,* 113 Ga. App. 477, 482 (148 SE2d 508). In *Royals v. State,* 208 Ga. 78, 80, supra, the court quoted from *Shedden v. Stiles,* 121 Ga. 637 (49 SE 719) and expounded: "The reason given for not allowing interrogatories to be delivered to the jury was that 'the testimony which they contain, if read and reread by the jury, would have an unfair advantage over oral testimony of the other side, by speaking to the jury more than once.'" This court recently explained as the reason for denying the jury possession of such written statements in the jury room: "In other words, the jury heard the testimony from the witness stand but same should not be unduly emphasized by giving the jury an opportunity to read them one or more times after hearing them read in the courtroom, whereas oral testimony from the stand is heard only once." *Thomason v. Genuine Parts Co.,* 156 Ga. App. 599, 601, supra.

We observe that as a practical matter testimony is often repeated on direct, cross and redirect examination. Moreover, it is true that the trial judge has a discretion as to whether he will permit prior testimony to be "played back" to the jury from the transcription of the same. See *Jefferson v. State,* 101 Ga. App. 308, 310 (5) (113 SE2d 500); *Dixie-Ohio Express v. Brackett,* 106 Ga. App. 862, 868 (3) (128 SE2d 642).

In our view what is sought to be prohibited is not the reiteration or reemphasis of evidence during the course of the trial but that, during deliberations, the jury should not have a written record of testimony in the jury room which might have a greater impact through reinforcement than oral testimony on the same subject.

Upon careful examination, we find that allowing the jury to read the written statement concerning which testimony had just been

offered was not harmful error. By analogy, it should have no more adverse impact than in a situation where a witness repeats his story or a particular segment thereof on several occasions during the course of his testimony.

6. The defendant was charged with robbery by use of an offensive weapon, a knife. During the course of the trial there was evidence that the defendant did not participate in the robbery but only assaulted the victim with the knife. There was also evidence based on defendant's testimony that he did not use a knife and merely grabbed the victim and shoved him into a restroom.

The trial judge charged on the crimes of armed robbery and aggravated assault. The defendant filed two written requests for instructions on the crimes of simple assault and battery. These were refused, and the defendant enumerates the refusal as error.

In *Harvey v. State,* 233 Ga. 41, 43 (209 SE2d 587), the Supreme Court propounded: ". . . as a matter of *law,* see *State v. Estevez,* 232 Ga. 316, 319 (206 SE2d 475), aggravated assault and armed robbery do not differ only in that a less serious injury or risk of injury to the same person, property, or public interest, or a lesser kind of culpability, applies to one crime than the other, as set forth in Code Ann. § 26-505 (b)." Our court acknowledged this erudite holding but pointed out: "We recognize that while aggravated assault and armed robbery are indeed different crimes as a matter of law, they are not always so as a matter of fact." *Lambert v. State,* 157 Ga. App. 275 (277 SE2d 66). As *State v. Estevez,* 232 Ga. 316, 319, supra, noted, former Code Ann. § 26-505 (a) (now OCGA § 16-1-6 (1)) defines lesser included crimes as a matter of fact.

Since we have now determined that simple assault is clearly a lesser included offense of aggravated assault ( *Smith v. State,* 140 Ga. App. 395, 396 (231 SE2d 143)), it therefore seems clear that either assault or battery may be lesser included offenses of an armed robbery based on the facts of a particular case. Here the facts show an armed robbery but taking away one element of such offense, to wit the theft, there are facts also showing that the defendant committed an assault with a knife, a deadly weapon (thus an aggravated assault) and if the defendant's testimony is accepted then he only committed an assault and battery since he did not use the knife when he seized the victim.

We realize that a simple battery is not necessarily included in aggravated assault. *Tuggle v. State,* 145 Ga. App. 603 (244 SE2d 131). However, here the facts when analyzed in a step-by-step fashion show that the crimes of assault and battery were included in the greater offenses for which the defendant was indicted.

It was therefore error not to give the defendant's requests to

charge.

7. The remaining enumerations of error lack merit.

*Judgment reversed. Sognier and Pope, JJ., concur.*

DECIDED MAY 6, 1983 —
REHEARINGS DENIED MAY 26, 1983 —

*Henry G. Bozeman,* for appellant.

*Beverly B Hayes, Jr., District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellee.