## 40048. THE STATE v. HIGHTOWER.

SMITH, Justice.

Johnny Hightower, Jr. was indicted, tried and convicted of armed robbery by use of a knife. Hightower claimed that he committed only a simple assault and battery upon the victim, Walter Duddy (the proprietor of a liquor store), while unbeknownst to him, an accomplice emptied the cash register. Hightower filed written requests for charges on the crimes of aggravated assault, simple assault, and battery. The trial judge charged on the crimes of robbery, armed robbery, and aggravated assault, and refused to charge on simple assault and battery. The Court of Appeals reversed and held that it was error not to give these requested charges. *Hightower v. State,* 166 Ga. App. 744 (6) (305 SE2d 372) (1983). We granted the state's petition for certiorari to review the section of that opinion dealing with jury charges on lesser included offenses. We reverse.

Hightower and Carlos Jenkins entered the Telfair Package Shop in Dublin at about noon on November 19, 1981. Both were drunk and possibly drugged. Hightower asked to use a private bathroom and Duddy refused him because it also served as a storage area for personal items and money. After walking around the store and discussing the matter of what to buy, Hightower and Jenkins indicated a selection to the proprietor that caused him to go to a corner of the store. Hightower thereupon jumped the service counter

and ran to the prohibited bathroom, at the same time saying that he could not wait. Jenkins declared that he and the proprietor would wait there until Hightower returned. Hightower came out some time afterward "in a hurry practically running right at me," according to Duddy, crying " 'Where is it? Where is it?' I said, 'What?' He said, 'The money,' and I said 'All I've got is here in the register.' As he got to me, he had the knife . . . and before I hardly knew what was happening he grabbed ahold of me and wrestled me back into the bathroom, pushed me down on the floor, put the knife in my face and told me to stay there until they left." When Duddy ventured out after a few minutes the men were gone and his cash register had been rifled.

Hightower admits that he was in the store with Carlos Jenkins,[1] that he jumped the counter, went into the bathroom, and upon his return grabbed Duddy from behind, hustled him into the bathroom and pushed him to the floor. Only then, he said at trial, did he see the knife, which was lying on the toilet tank. He picked it up and put it into his pocket in order to prevent Duddy from using it on him. Hightower claimed to have grabbed the victim only to perfect his escape before the police could be called for his unauthorized use of the bathroom. Leaving the bathroom the second time he saw Jenkins emptying the cash register of his own accord. Thereupon they both ran into the woods, where Hightower threw down the knife and the pair split up, with Jenkins allegedly taking all the money.

Hightower appealed on the ground, among others, that there was evidence that he did not participate in the robbery but only grabbed the victim and shoved him into the restroom. He contended that it was error to refuse his requested charge on the lesser included offense of simple assault and battery. The Court of Appeals agreed, stating that "either assault or battery may be lesser included offenses of an armed robbery based on the facts of a particular case." *Hightower v. State,* supra at 749.

The language of the indictment charging armed robbery alleged that Hightower and Jenkins did with the intent to commit theft take money from the victim "by use of offensive weapon, to wit: a knife." Hightower was neither indicted for nor charged with aggravated assault. Thus simple assault and battery were not necessarily included offenses in the allegation of the indictment or the crime charged. See OCGA § 16-1-6 (2) (Code Ann. § 26-505); *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976), *Harvey v. State,* 233 Ga.

---

[1] Carlos Jenkins pled guilty to robbery by intimidation in connection with this incident.

41 (209 SE2d 587) (1974). The question remains, however, whether they were included offenses based on the evidence offered at trial, and as such should have been charged to the jury.

The evidence on which Hightower relies in support of his contention is his own testimony. Circumstantial and direct evidence provided by Duddy support the state's theory of armed robbery without conflict. In reversing, the Court of Appeals relied on *State v. Estevez,* 232 Ga. 316 (206 SE2d 475) (1974), and its interpretation of OCGA § 16-1-6 (Code Ann. § 26-505), for the proposition that lesser included crimes are determined as a matter of fact. The Court of Appeals then reasoned that although the present facts show an armed robbery, "taking away one element of such offense, to wit — the theft, there are facts also showing that the defendant committed an assault with a knife, a deadly weapon (thus an aggravated assault) and if the defendant's testimony is accepted then he only committed an assault and battery since he did not use the knife when he seized the victim . . . [T]he facts when analyzed in a step-by-step fashion show that the crimes of assault and battery were included in the greater offenses for which the defendant was indicted." *Hightower v. State,* supra at 749.

We disagree with this analysis and with the interpretation placed on *State v. Estevez,* 232 Ga. 316, supra. In *Estevez* we addressed the question of lesser included offenses in the context of the double jeopardy proscriptions of the constitutions of the United States and Georgia. Construing OCGA § 16-1-6 (Code Ann. § 26-505), we concluded that paragraphs (1) and (2) of that section "establish alternative rules for determining when one crime is included in another as a matter of fact *or* as a matter of law so as to bar conviction and punishment for more than one crime." Id. at 319. (Emphasis in original.) Hightower was not indicted for or charged with aggravated assault and aggravated assault is not a lesser included offense of armed robbery, the crime for which he was indicted, as a matter of law. Hightower requested and received the charge on aggravated assault and nowhere did the state contend that Hightower had committed any offense other than an armed robbery. Hightower did not face a danger of being convicted of more than one crime for the same conduct, the peril with which we were concerned in *Estevez.* See *Haynes v. State,* 249 Ga. 119 (288 SE2d 185) (1982).

The crimes of aggravated assault and armed robbery have one distinct element that distinguishes them — the element of theft. The Court of Appeals concluded that if this element is eliminated, there are facts showing that Hightower committed an aggravated assault. We acknowledge that one crime may be changed into another by adding or subtracting elements which distinguish them. However,

where the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense.[2] Criminal indictments are not deemed amendable to conform to the evidence. *Tuggle v. State,* 145 Ga. App. 603 (2) (244 SE2d 131) (1978). In this case Hightower was indicted for the offense of armed robbery in that he "did unlawfully with intent to commit theft, take property of value, to wit: approximately $128.55 . . . the property of Walter Duddy, from the immediate presence of Walter Duddy, by use of offensive weapon, to wit: a knife," in the words of the indictment. This indictment does not allege the offenses of assault or battery or the greater offenses in which they are included.

This court has never found aggravated assault to be a lesser included offense of armed robbery as a matter of fact in any case and does not do so here.[3] Moreover, there is no substantive double jeopardy danger in this case, the usual context in which questions of lesser included offenses are addressed. The jury here received a charge on robbery and could have found the defendant guilty of that lesser offense had they believed his contentions that he did not threaten Duddy with the knife. Of course if the jury believed that Hightower did not participate in taking money from the cash register, they could have rejected the robbery or armed robbery verdicts in favor of aggravated assault, or of course, complete acquittal. Instead, the jury obviously believed that Hightower used the knife with the intent to take Duddy's property and returned a verdict of guilty of armed robbery. There was no error in refusing to charge on the separate crimes of assault and battery. See *Wallace v. State,* 159 Ga. App. 793 (285 SE2d 194) (1981).

*Judgment reversed. All the Justices concur, except Hill, C. J., Clarke and Weltner, JJ., who dissent.*

DECIDED FEBRUARY 29, 1984.

---

[2] To allow the defendant by his own statement to propose a crime different from that charged and which is not a lesser included offense in order to get a jury charge thereon would allow the defendant to usurp the state's prerogative to indict and try him for a particular offense. Of course the defendant may tender whatever defense he believes to be appropriate, but it will not be error for the trial court to refuse a requested charge when the defendant's theory of defense is that he is guilty of a separate, less serious crime.

[3] In *Harvey v. State,* 233 Ga. 41 (209 SE2d 587) (1974), the question arose but was not decided because the facts showed that the defendant had committed *both* aggravated assault and armed robbery.

*H. Jeff Lanier, Assistant District Attorney,* for appellant.
*Henry G. Bozeman,* for appellee.

WELTNER, Justice, dissenting.

OCGA § 16-1-6 (Code Ann. § 26-505) purports to define "included offenses." "[OCGA § 16-1-6 (1) (Code Ann. § 26-505)] sets out the rules for determining an included crime as a matter of fact or [2] as a matter of law," *State v. Estevez,* 232 Ga. 316, 320 (206 SE2d 475) (1974).

It is now almost ten years since *Estevez* addressed what is a continuing difficulty — witness this very case. An answer should not continue to elude us, however, if we can but circumscribe the problem with logic and reason.

First, we should lay aside the idea that offenses may be "included" as a "matter of fact" and "as a matter of law." Offenses are, by the nature of things, either *included* or *not* included, and that is determined *as a matter of law.*

Second, we must note what every beginning law student knows, that the General Assembly has the power to declare specified acts as crimes. A criminal offense is that which the General Assembly declares to be a criminal offense — nothing more, and nothing less. As example, a statute may describe a crime as follows:

"(a) Whoever shall do A and B and C commits the offense of Crime One."

The statute might go on to say:

"(b) Whoever shall do A and B commits the offense of Crime Two.

"(c) Whoever shall do A and C commits the offense of Crime Three.

"(d) Whoever shall do A and D commits the offense of Crime Four."

Now, obviously Crimes Two and Three are "included offenses" of Crime One — because each of the two "is established by proof of . . . *less than all the facts* . . . required to establish the commission of the crime charged," i.e., Crime One in our example. OCGA § 16-1-6 (Code Ann. § 26-505). (Emphasis supplied.)

Contrariwise, Crime Four is not an "included offense" to Crime One because its essential elements contain one element — the "doing" of "D" — which is not an essential element of Crime One, and, because the "doing" of "A" alone is not defined as a crime. Falling without the definitional scope of Crime One, it cannot be included therein.

Third, an examination of our homicide statutes will disclose that

the foregoing analysis, alone, cannot explain how voluntary manslaughter can be an "included offense" to murder, as voluntary manslaughter contains elements which are nowhere included within the statutory elements of murder, defined by OCGA § 16-5-1 (a) (Code Ann. § 26-1101) as follows: "A person commits the offense of murder when he unlawfully and with malice aforethought, either express or implied, causes the death of another human being." Yet they are included offenses by virtue of OCGA § 16-1-6 (Code Ann. § 26-505), as they are established by proof of ". . . a less culpable mental state than is required to establish the commission of the crime charged."

Fourth, the term "element of the crime," as commonly used, must be understood to include the factual particulars charged in the indictment. Hence, if an indictment charges that a defendant did commit the offense of murder, on a day named, by shooting with a pistol and killing AB, a human being, with malice aforethought, proof that the same defendant did, on the same day, shoot with a pistol and kill CD, a human being, with malice aforethought, is *not,* of course, proof of an included crime to that murder charged in the indictment. While every element of the theoretical, or definitional, crime of murder is proved, every element of the crime charged in the indictment is not. Proof of the homicide of CD, of course, falls without the scope of the factual particulars of the indictment charging the homicide of AB, and is not proof of an "included crime."

(Viewed in this light, it will be seen that the second portion of OCGA § 16-1-6 (Code Ann. § 26-505) seems to be a redundancy. And contrary to *Estevez, loc. cit.* supra, that code section does not divide itself, conveniently, into consideration of matters of law and matters of fact.)

In my opinion, the evidence in this case would support a conviction of simple assault as an included offense to armed robbery, and Hightower was entitled to the requested instruction relative to simple assault.

The indictment charged Hightower with the offense of armed robbery in that he did take money from Duddy "by use of offensive weapon, to wit: a knife."

Hightower denied using a knife offensively against Duddy, and denied taking money. Duddy testified that Hightower and his accomplice took money. He said Hightower ". . . pushed me down on the floor, put the knife in my face. . . ."

A jury is free to pick and choose which witnesses, and which parts of the testimony of witnesses, are to be believed. A jury hearing the evidence in this case *could* believe that Hightower assaulted Duddy — that is, placed him in reasonable apprehension of

immediately receiving a violent injury, but took no money from him. Hence, the jury could find from this evidence all the elements of the crime of simple assault — upon the same victim, and in the course of the same transaction as described in the indictment charging armed robbery. (Note the definition of aggravated assault: "A person commits the offense of aggravated assault when he assaults . . . (2) with a deadly weapon." OCGA § 16-5-21 (Code Ann. § 26-1302). "Simple assault" is defined by OCGA § 16-5-20 (a) (Code Ann. § 26-1301): "A person commits the offense of simple assault when he either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.")

Because all of the elements of the offense of simple assault against Duddy are found in the indictment charging Hightower with the armed robbery of Duddy, it is therefore an "included offense," and should have been charged on timely request.

The foregoing analysis is inapplicable to Hightower's request for a charge on simple battery, for reason that essential elements of that offense (physical contact or physical harm) are not of necessity subsumed in the factual particulars set out in the indictment. See OCGA § 16-5-23 (Code Ann. § 26-1304). The language of the indictment, "by use of offensive weapon, to wit: a knife," does not *ipsis verbis* allege either physical contact or physical harm, whereas it does so allege, of necessity, simple assault. The trial court did not err in refusing to instruct the jury relative to the offense of simple battery.

Our appellate courts do not pass upon disputed issues of fact. For that reason, in resolving the legal issues presented in this appeal, we must review Hightower's testimony as though it might be accepted as true by a jury — even though, in reality, it is utterly incapable of being believed by a rational trier of fact. Thus I am drawn to the unhappy position of suggesting reversal of this conviction because of the failure of the trial judge to charge in a manner encompassing a "story" which no sensible juror in this state would ever believe! But that is the price of a system wherein the jury is the *sole* judge of factual issues. The truth of the matter is that such a failing is harmless — in *fact* — because no one would believe Hightower's statement anyway!

I am authorized to state that Chief Justice Hill and Justice Clarke join in this dissent.