## 68147. MOSS v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of possession of marijuana. The indictment also charged that appellant had been convicted previously of a felony, to wit: possession of narcotics. The charge of a previous narcotics conviction was to provide notice of the greater punishment applicable for a second conviction of possessing a controlled substance. OCGA § 16-13-30 (c). On appeal, he contends the trial court erred by granting the state's motion to dismiss appellant's motion to suppress, and by denying his motion to suppress.

At a hearing on the State's motion to dismiss and appellant's motion to suppress, evidence was presented that on January 4, 1983, Apartment 521-E, Booker T. Washington Apartments, Columbus, Georgia, was leased to Carrie B. Tarver and occupied by Carrie Tarver and six other members of the Tarver family. Under the terms of the lease, the apartment could not be sublet and no accommodations could be given to boarders or lodgers; further, the lessee agreed not to use or permit the use of the apartment for any purpose other than as a private living unit solely for the lessee and members of her household. On January 4, 1983, appellant was listed as a resident of Apartment 415-E in the same complex, which was leased to his grandmother.

A search of the Tarver apartment was conducted by police on January 4, 1983 and several plastic bags of marijuana and a large amount of cash were found. Appellant was present when the police arrived and told police the marijuana belonged to him. He testified at the motions hearing that he was living in the Tarver apartment with Carrie Tarver, his girl friend. The trial court ruled that the State's motion to dismiss appellant's motion to suppress was good, as appellant had no proprietary interest in Tarver's apartment and, thus, no standing to object to the search. The court denied appellant's motion to suppress on the same ground, and ruled that appellant's amended motion to suppress was not proper because it alleged no proprietary interest in the premises searched. Appellant contends these rulings were erroneous. We do not agree.

The search warrant in this case was for a search of Carrie Tarver's apartment. Although appellant testified that he lived with Tarver, records showed that only Tarver and members of her family lived in the apartment searched, and appellant lived in a different apartment with his grandmother. Based on this evidence, the trial judge determined that appellant was not a resident of Tarver's apartment. Factual and credibility determinations of this kind made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. *Wallace v.*

*State*, 159 Ga. App. 793, 794 (1) (285 SE2d 194) (1981). In Rakas v. Illinois, 439 U. S. 128, 134 (99 SC 421, 58 LE2d 387), the Supreme Court of the United States held: "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. [Cit.]" Therefore, we conclude that the trial judge did not err by ruling that appellant had no proprietary interest in Tarver's apartment and, thus, no expectation of privacy in the apartment. *Wallace*, Rakas, supra.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 20, 1984 —
REHEARING DENIED JULY 11, 1984 —

*Michael E. Garner*, for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney*, for appellee.