## 70368. BOWERS v. THE STATE.
(338 SE2d 457)

CARLEY, Judge.

Appellant was tried before a jury on an indictment which alleged that he had committed an aggravated assault, in that he "did unlawfully assault [the victim] with a deadly weapon, a gun, by shooting him. . . ." He was found guilty and appeals from the judgment of conviction and sentence entered on the guilty verdict. The sole enumeration of error is an assertion that the trial court erroneously refused to give a requested instruction on the misdemeanor offense of "reckless conduct," OCGA § 16-5-60, as a possible alternative to aggravated assault as the crime for which appellant might be found guilty.

1. "The [S]tate or the accused may, by written application to the trial judge at or before the close of the evidence, request him to charge on lesser crimes that are *included in those set forth in the indictment or accusation,* and his failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error." (Emphasis supplied.) *State v. Stonaker,* 236 Ga. 1, 2 (3) (222 SE2d 354) (1976). "We acknowledge that one crime may be changed into another by adding or subtracting elements which distinguish them. However, where the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative, separate offense. Criminal indictments are not deemed

amendable to conform to the evidence. [Cit.]" *State v. Hightower*, 252 Ga. 220, 222-223 (312 SE2d 610) (1984). "To allow the defendant by his own statement to propose a crime *different from that charged and which is not a lesser included offense* in order to get a jury charge thereon would allow the defendant to usurp the [S]tate's prerogative to indict and try him for a particular offense." (Emphasis supplied.) *State v. Hightower*, supra at 223, fn. 2.

The indictment of appellant for aggravated assault was narrowly drawn in a single count and did not contain any additional language which would purport to constitute an alternative charge of the offense of reckless conduct. Compare *State v. Williams*, 247 Ga. 200 (275 SE2d 62) (1981); *State v. Stonaker*, supra at 2 (1). Thus, the first issue for resolution is whether the crime of "reckless conduct" may ever be considered, as a matter of *law*, a lesser included offense of an aggravated assault committed by shooting the victim, that being the specific allegation of the crime for which appellant was actually indicted. See *State v. Hightower*, supra (notwithstanding evidence thereof, assault and battery *not* deemed a lesser included offense where indictment alleged commission of armed robbery and not aggravated assault). If so, then and only then, the issue becomes whether the evidence in the instant case authorized a *factual* finding of "reckless conduct" and thus warranted a jury charge as to that crime. *State v. Stonaker*, supra at 2 (3). Compare *Hightower v. State*, 166 Ga. App. 744, 749 (6) (305 SE2d 372) (1983), rev'd *State v. Hightower*, supra.

It appears never to have been previously determined "whether or not reckless conduct is a lesser included offense of aggravated assault. . . ." *State v. Williams*, supra at 203. Thus, the issue in the instant case is one of first impression.

"A 'crime' is a violation of a statute of this [S]tate in which there is a joint operation of an act or omission to act and intention or criminal negligence." OCGA § 16-2-1. Appellant was indicted for the offense of aggravated assault with a deadly weapon. OCGA § 16-5-21 (a) (2). Compare OCGA § 16-5-21 (a) (1). Such an assault is an intentional act. See *Riddle v. State*, 145 Ga. App. 328 (243 SE2d 607) (1978), overruled on other grounds *Adsitt v. State*, 248 Ga. 237 (282 SE2d 305) (1981); *Jones v. State*, 154 Ga. App. 806, 808 (5) (270 SE2d 201) (1980); *Merrell v. State*, 162 Ga. App. 886, 887 (2) (293 SE2d 474) (1982). Thus, the specific crime that appellant was charged with committing was the *intentional* shooting of the victim.

The crime of "reckless conduct" is defined as follows: "A person who causes *bodily harm* to or endangers the bodily safety of another person by *consciously disregarding* a substantial and unjustifiable risk that his act or omission will cause the harm or endanger the safety of the other person and the disregard constitutes a gross devia-

tion from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor." (Emphasis supplied.) "[T]he reckless disregard of consequences, or a heedless indifference to the rights and safety of others, and a reasonable foresight that injury would probably result[,]" constitutes criminal negligence. *Cain v. State*, 55 Ga. App. 376 (1) (190 SE 371) (1937). Thus, the crime of reckless conduct is, in essence, an instance of *criminal negligence*, rather than an intentional act, which causes bodily harm to or endangers the bodily safety of another.

Therefore, unlike the offenses of armed robbery and assault and battery as in *Hightower*, supra, the crime for which appellant was indicted and the crime of reckless conduct are not necessarily "different" offenses. Both crimes proscribe the same general acts, to wit: either the subjection of another to the possibility of personal injury; or, the actual infliction of such an injury on the victim. The two crimes potentially differ only in one respect. In the case of aggravated assault with a deadly weapon, the attempted or the completed injury to the victim is the intended consequence of the defendant's act. In the case of reckless conduct, the threatened or the actual injury to the victim is, instead, the product of the defendant's criminal negligence. This *similarity* between the proscribed acts, coupled with a *dissimilarity* between the mental culpability which produces those acts, would indicate the potential for reckless conduct to be deemed, as a matter of law, a lesser included offense of aggravated assault with a deadly weapon. As a matter of law, a crime is "included" within the offense charged in an indictment if "[i]t differs from the crime charged *only* in the respect that a less serious injury or risk of injury to the same person, property, or public interest or *a lesser kind of culpability suffices to establish its commission.*" (Emphasis supplied.) OCGA § 16-1-6. See also *State v. Estevez*, 232 Ga. 316, 319 (206 SE2d 475) (1974).

In a given case, the potential correlation between the offenses of aggravated assault with a gun as the deadly weapon and reckless conduct is, therefore, not dissimilar to that which, for example, may exist between the crimes of murder and involuntary manslaughter. The "greater" crime may become the "lesser" offense, not necessarily by the adding or subtracting of elements, but merely by the substitution of another element for that of the formed intent to commit the same proscribed act. "[W]here the testimony of the defendant with regard to his intent, or where the surrounding circumstances were sufficient to authorize a jury to find a lack of intent to kill, the court should charge on the lesser offense of involuntary manslaughter — the other requisites of [OCGA § 16-5-3] (a) or (b) being present." *Spradlin v. State*, 151 Ga. App. 909, 910 (266 SE2d 310) (1980). Therefore, we hold that, as to an indictment for the commission of an aggravated assault with a deadly weapon based upon allegations that the victim

was actually shot, a verdict of guilty of the crime of reckless conduct may be returned thereon, such a verdict not constituting an unauthorized amendment of the indictment. See OCGA § 16-1-6 (2). Compare *State v. Hightower*, supra.

2. Accordingly, we turn to the question of whether the evidence in the instant case authorized a charge on reckless conduct. Appellant did not deny that he fired the shot which struck the victim. He did, however, deny that he intended to shoot the victim. According to appellant, he was not even aware of the presence of the victim on a sailboat which was anchored in the river. In appellant's version of the events, he was on a camping trip some miles into the woods, and after finishing a beer, he threw the empty bottle into the air for target practice. It was this shot which, according to appellant, struck the victim who was standing on the deck of his boat.

If the jury believed the entirety of appellant's testimony, it would have been authorized to return a verdict of not guilty of any crime by reason of accident. However, "[i]t is also well settled that it is the prerogative of the jury to accept the defendant's statement as a whole, or to reject it as a whole, to believe it in part, or disbelieve it in part. In the exercise of this discretion they are unlimited. [Cits.]" *Cobb v. State*, 60 Ga. App. 194 (1) (3 SE2d 212) (1939). See also *Tisdol v. State*, 158 Ga. App. 852 (1) (282 SE2d 411) (1981). Accordingly, the jury would have been authorized to disbelieve appellant when he testified that he was totally unaware of the presence of the victim's sailboat. However, the jury could also believe that appellant nonetheless fired the shot while engaged in target practice rather than that he intentionally fired upon the victim. If appellant was aware of the presence of the victim in the vicinity but nevertheless consciously disregarded the risk that, under the circumstances, an act of engaging in target practice would probably cause harm to the victim, a verdict of guilty of reckless conduct would be authorized. Cf. *Horowitz v. State*, 243 Ga. 441 (254 SE2d 828) (1979); *McCane v. State*, 147 Ga. App. 730 (250 SE2d 181) (1978). "Since the evidence warranted a charge on the lesser included offense . . . and appellant made a proper written request for such instruction, the refusal of the trial court to [give the] charge requires the grant of a new trial. [Cits.]" *Tisdol v. State*, supra at 854.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 7, 1985 —
REHEARING DENIED NOVEMBER 21, 1985 —

*William S. Lewis*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant*

*District Attorney*, for appellee.