74459. GIVENS v. THE STATE.
(361 SE2d 830)

BENHAM, Judge.

Appellant and his co-defendant were found guilty of robbery by force. OCGA § 16-8-40 (a) (1). Appellant now asserts as reversible error the trial court's refusal to instruct the jury on the law of simple battery and the denial of his motion to sever his trial from that of his co-defendant.

1. Appellant's pre-trial motion for severance was based upon the prejudice he allegedly would suffer from the admission of evidence of prior similar transactions committed by his co-defendant. The grant or denial of a motion for severance lies within the sound discretion of the trial court, and its ruling will not be reversed absent a clear abuse of such discretion. *Stevens v. State,* 165 Ga. App. 814 (3) (302 SE2d 724) (1983). Being tried with a co-defendant who has prior convictions that are made known to the jury does not result in prejudice requiring reversal. See *Davis v. State,* 129 Ga. App. 796 (2) (201 SE2d 345) (1973). Furthermore, the trial court assured appellant's counsel that the jury would be given instructions limiting their consideration of the prior convictions to the co-defendant only. In the absence of a showing that appellant suffered such prejudice as to amount to a denial of due process, we decline to disturb the trial court's denial of the motion to sever. *Harper v. State,* 166 Ga. App. 797 (1) (305 SE2d 488) (1983).

2. On appeal, appellant maintains that the behavior of his co-defendant, who was acting as co-counsel in his own defense, so antagonized the jury as to render impossible appellant's ability to obtain a fair trial. While the transcript of the voir dire reflects that several potential jurors were excused due to their professed inability to be impartial to appellant's co-defendant, none of the members of the jury voiced such feelings. "The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.]" *Stanley v. State,* 250 Ga. 3 (2) (295 SE2d 315) (1982). Inasmuch as there is no evidence that the members of the jury were unable to be impartial due to the conduct of appellant's co-defendant, we cannot say that, as a matter of law, the trial court abused its discretion by denying appellant's motion for mistrial.

3. Appellant enumerates as error the trial court's refusal to give his requested charge on simple battery. Appellant maintains that simple battery is an offense included in robbery by force and that the requested charge should have been given because several eyewitnesses testified that, while they saw appellant beating the victim, they did not see him take anything from the victim.

" 'The State or the accused may, by written application to the trial judge at or before the close of the evidence, request [a] charge on lesser crimes that are included in those set forth in the indictment or accusation, and [the] failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error.' [Cit.]" *Bowers v. State,* 177 Ga. App. 36 (1) (338 SE2d 457) (1985). The trial court's refusal to give appellant's requested charge is not reversible

error unless simple battery is, as a matter of law, an offense included in robbery by force, the specific crime for which appellant was indicted. "If so, then and only then, the issue becomes whether the evidence in the instant case authorized a *factual* finding of [simple battery] and thus warranted a jury charge as to that crime. [Cits.]" Id.

A crime is included within another crime *as a matter of law* if "[i]t differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (2); *State v. Estevez*, 232 Ga. 316, 320 (206 SE2d 475) (1974). See also *State v. Hightower*, 252 Ga. 220, 222 (312 SE2d 610) (1984). Thus, as a matter of law, involuntary manslaughter is an offense included within murder (*Spradlin v. State*, 151 Ga. App. 909 (266 SE2d 310) (1979)); reckless conduct is included within aggravated assault with a deadly weapon (*Bowers v. State*, supra); and vehicular homicide in the second degree is included within vehicular homicide in the first degree (*Hayles v. State*, 180 Ga. App. 860 (3) (350 SE2d 793) (1986)). On the other hand, assault and battery are not included, as a matter of law, within the offense of armed robbery. *State v. Hightower*, supra.

The indictment accused appellant of committing robbery by force. " 'Force implies actual personal violence, a struggle and a personal outrage.' " *Henderson v. State*, 209 Ga. 72 (1) (70 SE2d 713) (1952). See also *Rivers v. State*, 46 Ga. App. 778, 781 (169 SE 260) (1933). Simple battery is committed when one "[i]ntentionally makes physical contact of an insulting or provoking nature with the person of another; or [i]ntentionally causes physical harm to another." OCGA § 16-5-23 (a). While both crimes involve unwanted physical contact upon the person of the victim, simple battery does not differ from robbery by force "only in the respect that a less serious injury or risk of injury to the same person" is involved or that "a lesser kind of culpability suffices to establish its commission." OCGA § 16-1-6 (2). Simple battery focuses on injury to the person while robbery by force involves the taking of property from the person of another by doing physical violence to the victim. "[W]here the defendant is charged by a narrowly drawn indictment with a specific crime it is not within the power of the judge or the jury to interpret the facts as presented at trial to support an alternative separate offense. Criminal indictments are not deemed amendable to conform to the evidence. [Cit.]" *State v. Hightower*, supra at 223. The State has the prerogative to indict and try a defendant for a particular crime and the defendant cannot usurp that prerogative by proposing a crime different from that charged and which is not an offense included in the offense charged. Id. at fn. 2. Since simple battery is not as a matter of law an offense included in robbery by force, the trial court did not err in refusing to

give appellant's requested charge.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED OCTOBER 14, 1987 — 

*L. James Weil, Jr.*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, Paul L. Howard, Jr., Benjamin H. Oehlert III*, Assistant District Attorneys, for appellee.