## 77017. HARDAWAY v. THE STATE.
(372 SE2d 845)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of trafficking in cocaine. He appeals from the judgment of conviction and sentence entered on the jury's verdict.

1. Appellant enumerates the general grounds, urging that the State failed to introduce independent evidence which corroborated the testimony of his alleged accomplice.

A review of the record shows that a witness for the State testified that he saw the accomplice approach a vehicle which was occupied solely by appellant. The accomplice was neither wearing a coat nor carrying anything in his hands as he approached the vehicle. The accomplice entered the vehicle and, when he exited a short time later, he was carrying a brown bag which contained cocaine. "This testimony provided sufficient independent corroboration of appellant's participation in the sale of [the cocaine]. '(T)he standard of review regarding corroboration is as follows: "It is not required that the corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular (and) . . . slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict." [Cit.]' [Cit.] The trial court correctly denied [appellant's] motion for directed verdict and properly refused to grant a new trial." *Bennett v. State*, 156 Ga. App. 617, 617-618 (275 SE2d 701) (1980).

2. Appellant enumerates as error the denial of his pretrial motion

to suppress. The evidence was discovered during the search of an apartment which was entered pursuant to an arrest warrant. When the police officers arrived at the apartment with the warrant for appellant's arrest, they observed a moving light in the upstairs portion of the apartment. They also heard noises coming from within the apartment. As the result of these observations, the police officers entered the apartment. In the ensuing search for appellant, the officers found the evidence which appellant sought to have suppressed.

It is unclear whether the apartment was appellant's residence or the residence of his girl friend. If the apartment was the residence of appellant, the entry of the police officers and their subsequent search for appellant therein were authorized pursuant to the valid arrest warrant. "[A]n arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton v. New York*, 445 U. S. 573, 603 (100 SC 1371, 63 LE2d 639) (1980). If the apartment was the residence of his girl friend, appellant has no standing to object to the entry and search. See *Moss v. State*, 171 Ga. App. 571 (320 SE2d 553) (1984). Accordingly, the trial court correctly denied appellant's motion to suppress.

3. Relying upon *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574) (1988), appellant enumerates the trial court's giving of a charge on constructive possession as error.

"Here defense counsel neither objected nor reserved the right to later object, and under such circumstances, [appellant] has waived the right to raise the issue on appeal." *Jackson v. State*, 246 Ga. 459, 460 (271 SE2d 855) (1980). Moreover, unlike in *Lockwood*, the trial court in the present case did not charge the jury that it would be authorized to convict appellant based upon either his actual or his constructive possession of the cocaine. Here, the trial court gave general instructions as to constructive and actual possession, but specifically charged the jury that it would be authorized to find appellant guilty only upon a finding that he had *actual* possession of cocaine.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Charles S. Thornton*, for appellant.

*Lewis R. Slaton*, District Attorney, *Joseph J. Drolet, R. Andrew Weathers, Linda S. Finley*, Assistant District Attorneys, for appellee.