## A99A2257. KNIGHT v. THE STATE.
### (528 SE2d 258)

JOHNSON, Chief Judge.

A jury found Thomas Edison Knight guilty of selling cocaine. He contends that the trial court erred in denying his motion for directed

---

verdict of acquittal because the testimony of the confidential informant who participated in the controlled buy of the cocaine was not sufficiently corroborated. However, the testimony of a single witness is generally sufficient to establish a fact. OCGA § 24-4-8. And though corroboration is required where the witness in a felony case is an accomplice, corroborating circumstances, rather than the testimony of a second witness, may suffice. OCGA § 24-4-8. Because the informant here was not an accomplice and, furthermore, because there was circumstantial evidence corroborating the witness' testimony that Knight sold him cocaine, this argument is completely without merit.

The evidence shows that a confidential informant agreed to assist police in a controlled drug buy. Before conducting the purchase, police searched the informant for drugs and found none. They taped a transmitter onto his chest and gave him $20 in official funds. The informant bicycled to Knight's home as police followed him in a van. So as not to arouse suspicion, the officers did not stop the van but kept moving; as a result, they lost sight of the informant at times.

One of the officers testified that he saw the informant cross the street toward Knight's home, then watched and listened as the informant had a conversation with someone in the front yard of the residence. The informant asked the man where Knight was. The transmission was then interrupted by static, and the conversation became unintelligible. The officer moved the van and did not see the informant go into or come out of the residence. About two to three minutes later, the officer saw the informant come back across the street toward the officers. The informant returned to the officers' van, handed police a piece of crack cocaine and told them he bought it from Knight.

Knight is correct that a defendant in a felony case may not be convicted on an accomplice's uncorroborated testimony. OCGA § 24-4-8. However, an informant who is assisting police in gathering the evidence is not an accomplice. See *Marshall v. State*, 98 Ga. App. 429, 433 (2) (105 SE2d 748) (1958). Therefore, the informant in this case was not an accomplice.

Furthermore, even if the informant was an accomplice, the argument is without merit. Corroborating circumstances may dispense with the need for the testimony of a second witness. OCGA § 24-4-8; *Fain v. State*, 211 Ga. App. 399, 400 (1) (439 SE2d 64) (1993). Slight evidence from an extraneous source identifying the defendant as a participant in the crime is all that is required to support the verdict, and it may be entirely by circumstantial evidence. Id.; *Moody v. State*, 232 Ga. App. 499, 503 (2) (502 SE2d 323) (1998). It is for the jury to decide whether the evidence offered as corroboration is suffi-

cient to support the conviction. *Fain*, supra.

In this case, the investigating officers had the drug buy under audio and visual surveillance. Although police were unable to continuously observe the events surrounding the transaction, the informant's testimony was corroborated by evidence that: a search of the informant just prior to the buy revealed no contraband; the informant was given $20 to buy drugs, and he returned two to three minutes later with a piece of crack cocaine and no money; and police saw him in Knight's yard and heard him ask for Knight. The circumstantial evidence was sufficient to corroborate the informant's testimony. See *Martinez v. State*, 222 Ga. App. 497, 499 (1) (474 SE2d 708) (1996). The trial court properly denied Knight's motion for a directed verdict of acquittal. See *Lester v. State*, 226 Ga. App. 373, 378-379 (4) (487 SE2d 25) (1997); *Hardaway v. State*, 188 Ga. App. 310 (1) (372 SE2d 845) (1988).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED JANUARY 13, 2000.

*Ann C. Stahl*, for appellant.

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.