70876. ROBINSON v. THE STATE.
(335 SE2d 303)

McMurray, Presiding Judge.

Via accusation, defendant was accused of driving a motor vehicle, "Count One: While under the influence of alcohol. Count Two: While there was in his blood 0.12 percent or more by weight of alcohol." No plea, demurrer or motion was filed by defendant challenging the accusation. Following a jury trial, defendant was found to be guilty upon Count 1 of the accusation and not guilty upon Count 2. After the imposition of sentence, defendant appealed. *Held*:

In his sole enumeration of error, defendant contends the trial court erred in charging the jury that they could find defendant guilty upon both counts of the accusation. This contention is without merit. Following inquiries by the court regarding exceptions to the charge, defendant's counsel replied that he had no exceptions. Thus, defendant neither objected to the charge nor stated that he was reserving his objections. In fact, defendant's counsel informed the court that in his opinion the jury was "properly instructed." Accordingly, appellate review of the charge is barred. *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1).

Moreover, even assuming the charge was erroneous, defendant has failed to demonstrate how he was harmed in view of the fact that he was acquitted by the jury on one of the two counts. In order for an error to be grounds for reversal, the defendant must show error and ensuing harm. *Burnette v. State*, 165 Ga. App. 768 (302 SE2d 621). This defendant has failed to do.

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

Decided September 12, 1985.

*Jerry M. Daniel*, for appellant.
*James C. Abbot, Solicitor*, for appellee.