76446. CROSBY v. THE STATE.
(372 SE2d 471)

BEASLEY, Judge.

Crosby was convicted of simple battery, OCGA § 16-5-23, and public drunkenness, OCGA § 16-11-41, and acquitted of obstruction of an officer, OCGA § 16-10-24, and carrying a concealed weapon, OCGA § 16-11-126. His motion for new trial was denied.

1. Appellant contends that delay in transmitting the record of this appeal was a violation of his federal and state constitutional rights to a speedy trial and entitles him to dismissal of the charges against him. Regardless of what may be said about the legalities of expeditious appeal, we find no authority embracing this stage of proceedings in the speedy trial provisions.

Furthermore, even assuming a right to timely disposition of an appeal other than as provided in Ga. Const. 1983, Art. VI, Sec. IX,

Par. II, delay was due to actions by defendant or on his behalf.

Crosby filed his notice of appeal on April 6, 1983, after the court denied a new trial on March 11. He was then granted an extension of time in which to file a transcript, and it was filed May 13.

In September 1983, Crosby's counsel requested the trial court to consider having Crosby's sentence reduced to probation.

Negotiations transpired and on September 5, 1985, an assistant district attorney wrote Crosby's counsel that something must be done in the case. He suggested a resolution by way of defendant's being placed on probation and stated that the only other alternative was defendant's pursuing the appeal.

On September 16, defense counsel informed the assistant district attorney that Crosby would not accept the offer of probation. Defense counsel further advised that he would have to resign from the case inasmuch as the Attorney General had ruled that his special assistants could not engage in the practice of criminal law, so Crosby would need new counsel.

On July 31, 1987, the trial court revoked defendant's supersedeas bond because the appeal had not been prosecuted. The bond was reinstated and Crosby was permitted to revitalize his appeal after a hearing on whether or not it should be dismissed.

Crosby has no cause to complain of the inordinate delay, even though part of it is attributable to the clerk's not sending the record until January 1988.

2. Appellant contends that the trial court erred in failing to inquire into and determine the competency and qualification of a trial juror.

During deliberations, the jury foreman sent a note to the court informing it that a juror had also been a grand juror on the case and asking whether or not the juror should continue to serve. The court responded that in the absence of an objection during jury selection, the juror was competent and qualified.

After return of the verdict, the court informed the State and the defendant of the communication with the jury and made the notes a part of the record.

Crosby argues both that this communication between the court and the jury was improper because it was done without his knowledge and consent, and that the juror was disqualified to sit as a trial juror because of the undisclosed grand jury service.

But defendant made no objection below, either when the court recorded the incident or in his motion for new trial. "Having raised no objection below, he may not now assert error on this ground. [Cit.]" *Davis v. State*, 255 Ga. 598, 600 (1) (340 SE2d 869) (1986).

Moreover, due diligence on behalf of defendant would have revealed that the subject juror was also a grand juror on the bill of in-

dictment. The failure to notice this fact and challenge him during jury selection in connection with the statutory questions, OCGA § 15-12-164 (a), or any others amounted to a waiver of any disqualification. *Burke v. State*, 76 Ga. App. 612, 620 (8) (47 SE2d 116) (1948). See also *Boatright v. State*, 51 Ga. App. 80, 84 (179 SE 740) (1935).

3. Appellant maintains that the evidence was insufficient and that the conviction for simple battery was repugnant to the acquittal for obstruction of an officer. As to the latter "in Georgia we have abolished the inconsistent verdict rule. [Cits.]" *Robinson v. State*, 257 Ga. 194, 196 (3) (357 SE2d 74) (1987).

The evidence favorable to the verdict shows that when Crosby and his son arrived at the V. F. W. club, he saw his ex-wife, walked over and kicked the back of her chair, and told her he did not think she should be talking to a married man. An exchange of words erupted between Crosby and the men sitting with his ex-wife. Other patrons came over and tried to get Crosby to leave. A uniformed deputy sheriff also asked him to leave but was unsuccessful. Crosby's ex-wife asked the deputy to jail Crosby rather than take him home since Crosby would come right back because he was drinking.

Crosby's son kept interfering with the deputy talking to Crosby. The deputy moved the son aside. Crosby and his son jumped the deputy and knocked him down against a wall on a bench next to the bar. Two or three people tried to pull Crosby from the deputy.

It was the deputy's opinion that Crosby was intoxicated. His shirttail was out of his pants, his speech was slurred, he spoke loudly and cursed a lot, and his eyes were red and "wild." A deputy called to the scene observed that Crosby had been drinking, had slurred speech, and was "pretty well high," boisterous, and wobbling.

The evidence was sufficient for a rational trier of fact to find Crosby guilty of simple battery and public drunkenness beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant further claims that the court erred in allowing the testimony of the sheriff, who was called in rebuttal, because his name was not furnished on the list of witnesses. "[C]alling an unlisted witness in rebuttal is not error and does not violate [OCGA] § 17-7-110. [Cits.]" *Forney v. State*, 255 Ga. 316, 318 (2) (338 SE2d 252) (1986).

Appellant also suggests that the witness should not have been permitted to testify because he had not been sequestered. "[A] witness who has violated the rule of sequestration in a criminal case shall not be prevented from testifying. [Cits.]" *Jordan v. State*, 247 Ga. 328, 347 (10) (276 SE2d 224) (1981).

5. Appellant contends that the court erred when it sustained the State's objection to defense counsel's continual reference to the witness as a special deputy sheriff, after the witness testified he was not

in fact employed by the sheriff's department but merely wore a deputy sheriff's uniform while acting as a part-time bouncer at the club. No limitation of the substantive cross-examination occurred so defendant's state constitutional right to confrontation has not been abridged.

6. As to the refusal to give defendant's request to charge on impeachment, the trial court asked if there were any exceptions to its charge and defense counsel responded there were none and counsel did not reserve objections. "In the absence of a reservation and in the face of the specific inquiry of the trial court, . . . counsel's statement that he had no objections constitutes a waiver of that portion of the charge to which objection is now, belatedly, made. [Cit.]" *Butler v. State*, 173 Ga. App. 168, 169 (2) (325 SE2d 835) (1984).

7. Appellant contends that the trial court erred in denying his motion for new trial, which was based on the general grounds and the contention of inconsistent verdicts. Division 3 shows that the bases of the motion were without merit.

*Judgments affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 6, 1988.

*J. Laddie Boatright, Ken W. Smith*, for appellant.
*Glenn Thomas, Jr., District Attorney, Stephen D. Kelley, Assistant District Attorney*, for appellee.