A89A0573. HERT v. GIBBS et al.
(382 SE2d 191)

BANKE, Presiding Judge.

The defendant in this personal injury action brings this appeal from the denial of his motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

While driving at a speed of approximately 35-40 miles per hour, the defendant struck a stationary vehicle occupied by plaintiff Gary Gibbs. Although Gibbs appeared to be uninjured when he departed the scene, he suffered a grand mal seizure approximately six weeks later, following which he underwent brain surgery for the removal of an intracerebral hematoma. Gibbs and his wife subsequently joined in bringing this personal injury action against the defendant-appellant.

Gibbs was unable to testify at trial; however, his wife testified that she had observed dramatic changes in his behavior following the

accident, and her testimony to this effect was corroborated by the testimony of a neighbor. Gibbs' neurosurgeon, Dr. Gott, testified in response to a hypothetical question that in his opinion there was a causal relationship between the accident and his patient's brain injury. The appellant objected to the hypothetical on the basis that it included facts not in evidence and was itself based on opinion testimony. He also moved to strike Dr. Gott's response to the hypothetical on the ground that it was speculative and conclusory. These objections were overruled, and this appeal concerns the correctness of these rulings. *Held*:

1. While the appellant correctly asserts that the question assumed facts concerning Gibbs' *physical* condition after the accident which were not in evidence, a review of the transcript demonstrates that the witness did not rely on any physical problems exhibited by his patient in making his determination that the brain injury was attributable to the collision. Rather, he based his opinion on the behavorial changes which had been observed by the appellant's wife and the neighbor after the accident, in conjunction with other factors. Nor was the physician's opinion inadmissible on the ground that it was speculative. While " '(m)edical testimony as to the mere possibility of a causal relation between a given event and the subsequent physical or mental condition of an injured person will not establish the causal relationship . . . [,]' [m]edical evidence which shows the possibility of a causal relationship 'in conjunction with other evidence, non-expert in nature, indicating that such a relation exists, . . . is sufficient to establish the causal relation.' [Cit.]" *Jacobs v. Pilgrim*, 186 Ga. App. 260, 262 (1) (367 SE2d 49) (1988).

"The question of whether the circumstances were sufficiently proven to establish the fact contained in the hypothetical question is an issue for the trier of fact." *Stoneridge Properties v. Kuper*, 178 Ga. App. 409, 413 (343 SE2d 424) (1986). In conjunction with the non-expert evidence properly admitted in this case, Dr. Gott's testimony authorized a finding of a causal connection between the collision and the injury. The trial court accordingly did not err either in admitting the witness's opinion testimony or in denying the appellant's motions for directed verdict or for judgment notwithstanding the verdict.

2. The appellees have moved for imposition of damages against the appellant pursuant to OCGA § 5-6-6 for filing a frivolous appeal. Although we find no merit in the appeal, we do not find it so devoid of arguable merit as to warrant the conclusion that it was filed for delay only. Accordingly, this motion is denied.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MAY 5, 1989.

*Fain, Major & Wiley, Donald M. Fain, Neely & Player, Richard Kopelman*, for appellant.
*Tony Center*, for appellees.