A89A1316. HALL v. THE STATE.

(384 SE2d 428)

McMURRAY, Presiding Judge.

Defendant was convicted of trafficking in cocaine, possession of marijuana with intent to distribute, and violation of the Dangerous Drug Act. He appeals from the denial of his motion for new trial. *Held*:

1. Defendant contends that the evidence presented at trial was insufficient to support the guilty verdict of trafficking in cocaine because the provisions of OCGA § 16-13-31 which were in effect at that time required that actual possession be shown; and since he was not found in actual possession of any controlled substances at the time of his arrest, the jury was erroneously instructed on actual possession. We do not agree. Defendant was chased by a detective to the vicinity of an abandoned house where he was seen throwing something under the front porch by another police officer and a mailman. A bag was immediately retrieved from that location containing marijuana, rolling papers and a bottle of cocaine. Furthermore, in view of defense counsel's statement immediately after the court's charge was given that he had no objections to it, such statement " 'constitutes a waiver of that portion of the charge to which objection is now belatedly, made. [Cit.]' [Cit.]" *Crosby v. State*, 188 Ga. App. 191, 194 (6) (372 SE2d 471) (1988). Accord *Robinson v. State*, 176 Ga. App. 18 (335 SE2d 303) (1985).

2. Defendant complains that the trial court also erred in failing to charge on equal access. However, there was no evidence that anyone

else had access to the place where the drugs were found, and defendant neither requested such a charge nor objected to the trial court's failure to so instruct the jury. Consequently, this enumeration of error is likewise without merit. *Crosby v. State,* 188 Ga. App. 191, supra; *Robinson v. State,* 176 Ga. App. 18, supra.

3. The trial court sentenced defendant to a three-year prison term for violation of the Dangerous Drug Act (OCGA § 16-13-70 et seq.), which is a misdemeanor under OCGA § 16-13-79. However, the court subsequently entered an amendment to this order sentencing defendant to twelve months in accordance with the statute. Therefore, defendant was not entitled to reversal on this ground, because even though the original sentence was a nullity, a legal sentence may be imposed. *King v. State,* 103 Ga. App. 272, 276 (3) (119 SE2d 77) (1961). See also *Stevanus v. State,* 185 Ga. App. 7, 10 (4) (363 SE2d 322) (1987).

4. Count two of the indictment charged defendant with violation of the Georgia Controlled Substances Act by possession of marijuana with intent to distribute. During the charge to the jury the trial judge read this Count and then stated: "In this connection, I charge you that cocaine is a controlled substance within the meaning of that Act." Defendant contends that this slip of the tongue constituted a fatal error for failure to properly instruct the jury regarding possession of marijuana. "The general rule is that, 'A mere verbal inaccuracy in a charge, which results from a palpable "slip of the tongue," and clearly could not have misled or confused the jury,' is not reversible error. [Cit.]" *Gober v. State,* 247 Ga. 652, 655 (278 SE2d 386) (1981). It seems highly unlikely that the jury did not recognize that both marijuana and cocaine are controlled substances, so that no reversible error occurred. In any event, defendant's express approval of the charge as given bars his subsequent objection. *Crosby v. State,* 188 Ga. App. 191, supra; *Robinson v. State,* 176 Ga. App. 18, supra. We find no basis for reversal.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED JULY 5, 1989.

*Roy W. Copeland,* for appellant.

*H. Lamar Cole, District Attorney, Bradfield M. Shealy, M. Catherine Harris, Assistant District Attorneys,* for appellee.