A90A1762. ANSLEY v. THE STATE.
(402 SE2d 73)

COOPER, Judge.

Appellant was convicted by a jury of theft by taking and of being a party to the crime of theft by taking. While appellant was an employee of Macy's Department Store, she was charged with entering fraudulent credit returns involving herself and certain other co-conspirators. At trial, the State presented as a witness the security officer who investigated appellant and observed the transactions. The guard testified that he observed appellant at her job for one evening from a hidden observation room and during such time observed several transactions with various customers. The guard made notes on each transaction, and testified about certain transactions which appeared to be suspicious. At trial, the guard testified extensively on a particular transaction involving a fraudulent exchange of merchandise and the issuance of a fraudulent credit refund. The guard observed appellant exchange four skirts for two identical skirts that were returned and observed appellant take a dress from the sales floor and treat it

as a return, thus preparing a fraudulent credit slip that a co-conspirator attempted to cash. After these observations, the guard went down to the floor, retrieved the audit tape and copies of certain receipts from appellant's cash register and confronted appellant. The audit tape, which is a record of every transaction performed on that cash register during the day, and the receipts were admitted into evidence and were with the jury during their deliberations. The guard had written on the audit tape notations about the various transactions represented thereon, such as the time of the transaction and identifying characteristics of the persons involved. On the last two entries on the tape, the guard had written a brief description of the transaction involving the fraudulent exchange of merchandise and fraudulent credit refund that he testified about at trial. The guard noted next to the entries the word "fraudulent." Appellant's counsel objected to the admission of the tape at trial on the basis that it was presumably being admitted as a business record and that the requisite foundation for such admission had not been laid. The objection was overruled, and appellant raises the admission of the audit tape as her sole enumeration of error on appeal.

Appellant argues that the admission of the audit tape was erroneous because it was a business record admitted without proper foundation and because the notations contained on the tape were prejudicial by allowing the oral testimony of the guard to be overemphasized to the jury. The cases cited by appellant in support of her argument are distinguishable in that they involved written evidence by a person not called as a witness at trial, written evidence by a policeman that could be construed as a confession when the defendant denied guilt at trial and a separate document that served as a worksheet for an insurance application. See *Royals v. State*, 208 Ga. 78 (2) (65 SE2d 158) (1951); *Spence v. State*, 96 Ga. App. 19 (3) (99 SE2d 309) (1957); *Nationwide &c. Ins. Co. v. Rhee*, 160 Ga. App. 468 (10) (287 SE2d 257) (1981). Even assuming that the tape was a business record and was erroneously admitted without proper foundation, and assuming that appellant did not waive her right to object to the notations on appeal because that specific ground for objection was not raised at trial, we determine, after a review of the record, that any error committed was harmless. The guard's testimony at trial described the suspicious transactions that appeared on the tape and detailed the events that occurred as well as the guard's conclusions about such events. Therefore, since other evidence at trial presented the same information as found on the tape, the tape was merely cumulative evidence, and any error in its admission was harmless. See *Flowers v. State*, 181 Ga. App. 572 (2) (353 SE2d 69) (1987); *Howell v. State*, 179 Ga. App. 632 (2) (347 SE2d 358) (1986). Further, appellant's counsel fully examined the tape at trial and even questioned the guard about the

notations thereon during cross-examination.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 1, 1991.

*Manning & Leipold, Calvin A. Leipold, Jr.,* for appellant.

*Ralph T. Bowden, Jr., Solicitor, Neal R. Bevans, Ann M. Elmore, W. Cliff Howard, Assistant Solicitors,* for appellee.