A92A1008. DUKES v. THE STATE.
(423 SE2d 295)

JOHNSON, Judge.

Peggy Dukes, Angela Jett and Jenny Erwin were indicted for possession of cocaine. Erwin entered a guilty plea to the charge and was the State's primary witness at the trial of Dukes and Jett. Erwin testified that she, Dukes and Jett smoked cocaine at Dukes' apartment. They then left the apartment in Erwin's automobile and purchased more cocaine. The threesome smoked the cocaine in the car, after which they were arrested by police officers who found cocaine and a device for smoking cocaine in the car. According to Erwin, these events took place over a period of less than one hour. Dukes and Jett presented no evidence. The jury returned a verdict of guilty of possession of cocaine against both Dukes and Jett. Dukes appeals her conviction.

1. Dukes asserts in her first enumeration of error that her character was impermissibly placed in issue when the trial court allowed Erwin to testify that she, Dukes and Jett smoked cocaine in the apartment prior to their arrest. "When transactions involving other crimes and the alleged bad character of appellant are so connected in time and event as to be part of the same transaction as that for which the accused is being tried, they are admissible as a clear exception to the general rule of inadmissibility of other transactions. [Cits.] The allegedly separate events are admissible in evidence when they are part of a continuous course of conduct, closely connected in time, place and manner of commission. [Cits.]" *Kennedy v. State*, 193 Ga. App. 784, 785-786 (1) (389 SE2d 350) (1989). Erwin testified that she, Dukes and Jett smoked cocaine in Dukes' apartment, and, less than an hour later, they were arrested after purchasing and smoking more cocaine. These incidents were part of a continuous course of conduct; they are so connected in time and event as to be part of the same transaction. Thus, the trial court did not err in allowing Erwin's testimony.

Although not enumerated as error, Dukes also argues that Erwin's testimony was evidence of a similar transaction and the State failed to give proper notice of its intent to present such evidence. "On appeal an enumeration of error cannot be enlarged by brief to give appellate viability to an issue not contained in the original enumeration. [Cit.]" *Chezem v. State*, 199 Ga. App. 869, 870 (2) (406 SE2d 522) (1991). Moreover, this argument was not raised in the court below and therefore cannot be considered for the first time on appeal. *Miller v. State*, 201 Ga. App. 374, 375 (2) (411 SE2d 112) (1991).

2. Dukes contends that the trial court erred in refusing to give her requested charge to the jury that the owner of a vehicle is presumed to be in possession of the vehicle's contents. "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), of reserving the right to object on motion for new trial or on appeal." (Citations and punctuation omitted.) *Concepcion v. State*, 200 Ga. App. 358, 361 (3) (408 SE2d 130) (1991); *Crosby v. State*, 188 Ga. App. 191, 194 (6) (372 SE2d 471) (1988). Here, upon inquiry by the trial court, Dukes' counsel neither objected to the court's failure to give the charge now complained of, nor reserved the right to later object to the charge. As Dukes waived the right to object to the charge, we are without authority to address this enumerated error.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992.

*Whelchel, Dunlap & Gignilliat, W. Andrew Maddox*, for appellant.

*C. Andrew Fuller, District Attorney, John G. Wilbanks, Jr., Assistant District Attorney*, for appellee.