A97A0007. ARRINGTON v. THE STATE.
(482 SE2d 400)

BIRDSONG, Presiding Judge.

Christopher Douglas Arrington appeals his conviction of trafficking in methamphetamine. *Held*:

1. Appellant's first enumeration contains therein the assertion of two independent errors: first, that the trial court erred by refusing to enforce appellant's subpoenas, which had been served upon two law enforcement officers, unless appellant could demonstrate that the officers would testify there was in fact a tape recording made of the

confrontation between appellant and Agent Crowe; and, secondly, that the trial court erred by ruling upon appellant's motion to compel production of said tape recording without first hearing the testimony of the two officers. When an appellant enumerates more than one error within a single enumeration, which constitutes a violation of OCGA § 5-6-40, this Court may in its discretion elect to review none or one or more of the errors so improperly enumerated. *Robinson v. State*, 200 Ga. App. 515, 518 (2) (408 SE2d 820). "We elect in our discretion to review none of these multiple assertions of error." *White v. State*, 221 Ga. App. 860, 861 (1) (473 SE2d 539); accord *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 606 (6) (431 SE2d 383), cert. denied, 510 U. S. 1195 (114 SC 1303, 127 LE2d 655).

Further, the hearing transcript reveals that, during the course of discussing the subpoenaed officers' anticipated testimony, appellant acknowledged that he did not know what they would testify to, as he had not been able to interview them. Appellant further invited the trial court to rule on the issue stating he had made his record, and after the court ruled, appellant expressed his understanding of the ruling and did not specifically object to the ruling having been made without the taking of the subpoenaed officers' testimony. It is well-established that one cannot complain of a ruling or trial procedure utilized by the trial court which his own trial tactics or conduct procured or aided in causing. *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

Additionally, in denying appellant's pretrial motion to bar use of a coerced confession, the trial court found, as fact, that "the officers never recorded the conversation [between appellant and the GBI agent posing as the Federal Express employee] even though they could have done so." Nothing in the record would support any claim that this finding of fact was clearly erroneous; rather, the record contains some testimonial evidence which provides support for this finding.

2. Appellant contends the trial court erred in failing to charge the jury on impeachment. By expressly announcing following the charges that there was "no exception to the charge" and by failing to reserve objection, appellant waived any charging error on appeal. *Dukes v. State*, 205 Ga. App. 678 (2) (423 SE2d 295); *Crosby v. State*, 188 Ga. App. 191, 194 (6) (372 SE2d 471). Moreover, "[i]n the absence of a timely written request to charge on impeachment, the failure to do so is not error." *Maxwell v. State*, 170 Ga. App. 831, 834 (2) (318 SE2d 650).

3. Appellant contends for various reasons that the trial court erred by allowing, over objection, the introduction in evidence of a tape-recorded telephone conversation between Tracy Hunter (appellant's girl friend and his wife at trial time) and a woman in Arizona.

The phone conversation occurred a few minutes after appellant's arrest and apparently was initiated on request of the investigating officer. The call was placed to the Arizona residence of the girl friend's uncle, John David Frix. The party who answered the call was identified by Ms. Hunter as Beverly Frix. Ms. Frix stated that Ms. Hunter's uncle was not there; Ms. Frix subsequently inquired whether the "package" had been received. No reference was made during the conversation as to which particular package Ms. Frix was referring. Further, the contents of the package were not identified during the course of the conversation; neither was the identity of the person for whom the package was intended expressly revealed. However, Ms. Frix did ask the girl friend, "did you get" the "package" and the girl friend later replied that "I don't think he got those." Appellant married his girl friend before trial; at trial, the wife (former girl friend) refused to testify claiming both spousal immunity and her right against self-incrimination under the Fifth Amendment. See generally *Patterson v. State*, 202 Ga. App. 440 (2), (4) (414 SE2d 895) and cases cited therein. At trial appellant posed only a hearsay objection, a relevancy objection, and an objection for lack of authentication; he also previously objected because the tape was outside the range of discovery.

(a) Appellant asserts that admission of the tape recording at trial violated the discovery provisions of Title XVII, Chapter XVI, Official Code of Georgia Annotated. But see *Sledge v. State*, 223 Ga. App. 488, 489 (3) (477 SE2d 898). Before relief can be obtained for a violation of the discovery provisions of Title XVII, Chapter XVI, Article I, Official Code of Georgia Annotated (OCGA §§ 17-16-1 through 17-16-10), it must be "brought to the attention of the court that the [State or the defendant] has failed to comply with the requirements of this article." OCGA § 17-16-6. Appellant failed to object timely and expressly on the grounds that the introduction of the tape would constitute a violation of any specific Code provision of Title XVII, Chapter XVI, Article I. Accordingly, any objection based on a violation of these statutory provisions was waived. See *Strawder v. State*, 207 Ga. App. 365 (1) (427 SE2d 792); *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395). Likewise waived is any other claim of appellate error based on a ground for objection not timely and specifically raised at trial.

(b) Pretermitting the issue whether the trial court erred by admitting the tape for any reason asserted on appeal by appellant is whether such admission, even if erroneous, would constitute harmless error. Examination of the trial record in toto reveals that any error arising from the introduction of the tape in evidence would constitute harmless error.

A cardboard box (hereinafter package) was shipped from Arizona

to a "Hall Creek." A search warrant was obtained and the package was found to contain methamphetamines. Investigation revealed that the mailing address on the package — 3420 Irwin Bridge Road — was that of appellant, Christopher Arrington. Investigation also revealed that no person named Hall Creek was living at the mailing address. A GBI agent dressed as a Federal Express employee was detailed to make a controlled delivery of the package to its mailing address. The agent, however, drove to 3424 Irwin Bridge Road which was the home of appellant's parents. Before the agent could leave the residence, appellant drove up on a terrain vehicle. The agent identified herself as a Federal Express employee attempting to deliver the package. Appellant replied that this was the home of his parents who were vacationing in Florida. Appellant then accepted delivery of the package and signed for it, signing the name of Mike Chris to the delivery document. (The agent further made an in-court identification of appellant as the person who took possession of the package.) At no time did appellant tell the agent that he did not want the package or attempt not to take possession of it. After taking possession of the box, appellant placed it on a toolbox in the back of a pickup truck parked under the carport of his parents' home. Appellant mounted his terrain vehicle and the agent gave the takedown signal. Backup arrived and appellant was arrested.

A few minutes after being advised of his *Miranda* rights and electing not to assert them, appellant made a voluntary, oral statement to another law enforcement investigator. In that statement appellant initially denied knowledge of the package. Next appellant stated that the package was supposed to contain race car parts or gears which had been shipped from Arizona and that a truck driver was going to come and pick it up at the house. When pressed, appellant could not give any description or specific information about the driver, truck or expected time of pickup. Appellant "finally admitted that the package was sent to him by his girlfriend's uncle from Arizona" who had said he would send him a package which would help him out of a financial bind — "he would give [appellant] something to sell." Appellant further admitted that he had met with her uncle a week prior to the incident, and this was when the uncle stated he would send the package; it was to be addressed to a "Paul Creek and not Hall Creek." Although appellant did not use the word methamphetamine in his statement, when asked by the investigator if "he knew it was methamphetamine or crank as it's referred to on the street, [appellant] said he did." Appellant admitted that "he knew it was methamphetamine coming" and that he was "expecting the package." Appellant could not give any explanation for signing the name, Mike Chris, to the Federal Express signature record form.

It is clear from the record that the information regarding the

sending of an unidentified package from Ms. Hunter's uncle's location in Arizona was entirely cumulative of the evidence contained in appellant's own oral statement which was duly admitted in evidence. Accordingly, any error in the admission of the taped phone conversation was harmless. "Evidence is harmless where admissible evidence of the same fact is before the jury." *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328); *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642); see *Revera v. State*, 223 Ga. App. 450, 452 (2) (477 SE2d 849).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED FEBRUARY 14, 1997 — 

*Sidney L. Moore, Jr.*, for appellant.

*Cheryl F. Custer, District Attorney, Sara D. Yarbrough, Assistant District Attorney*, for appellee.