## A97A0780. HODSON v. MAWSON.
(489 SE2d 855)

ANDREWS, Chief Judge.

Nancy Mawson obtained a jury verdict against Kenneth Hodson on her claim for injuries she suffered in an automobile accident. Hodson, who admitted liability in the accident, appeals from the award of damages and enumerates as error several evidentiary rulings by the trial court.

1. Hodson claims the trial court erred by failing to enforce its ruling granting his motion in limine that Mawson be instructed not to

give hearsay testimony regarding diagnosis and treatment she received from physicians not testifying at trial. He claims the trial court should have granted his motion for a mistrial for Mawson's repeated violations of the ruling.

The record does not support Hodson's contention that the trial court granted his motion in limine. At best, the record shows that Hodson made the motion orally prior to trial and that the trial court discussed it and obtained opposing counsel's assurance that no such testimony would be elicited from Mawson. In response to that assurance, both counsel for Hodson and the trial court replied, "Okay." The trial court did not thereafter rule on the motion.

As to Hodson's complaint that Mawson repeatedly gave hearsay testimony regarding what physicians said about her injuries, these complaints were waived to the extent Hodson failed to object when the alleged testimony was given. Although the trial court sustained several hearsay objections by Hodson on this issue, none of Mawson's remarks had the effect of denying Hodson a fair trial, so the trial court did not abuse its discretion in refusing to grant a mistrial. *Wright v. State*, 253 Ga. 1, 4 (316 SE2d 445) (1984); *Jones v. State*, 250 Ga. 166, 168 (296 SE2d 598) (1982). Moreover, since Hodson declined the trial court's offer to give curative instructions, he will not now be heard to complain that he was prejudiced. Id. at 168.

2. Hodson claims the trial court erred by admitting into evidence and allowing into the jury room medical records identified by Mawson's treating physician, who testified at trial by deposition. He claims this violated the "continuing witness" rule because the records substituted as a written record of the oral testimony.

The medical records at issue were identified by the treating physician and admitted as original evidence. *Dennis v. Adcock*, 138 Ga. App. 425, 428 (226 SE2d 292) (1976). The records were not read to the jury and were not "written testimony" merely duplicating the physician's testimony or substituting as a written record of the testimony. See *Hughes v. State*, 217 Ga. App. 766, 768 (458 SE2d 911) (1995); *Vinyard v. State*, 177 Ga. App. 188, 189 (338 SE2d 766) (1985); compare *Sackett v. L. L. Minor Co.*, 244 Ga. 375, 377 (260 SE2d 37) (1979); *Dept. of Transp. v. Benton*, 214 Ga. App. 221, 223 (447 SE2d 159) (1994). "The proscription on the jury's possession of 'written testimony' does not extend to documents which are themselves relevant and admissible as original documentary evidence in a case." *Munda v. State*, 172 Ga. App. 857, 860 (2) (324 SE2d 799) (1984); *Waldrup v. Baker*, 180 Ga. App. 121, 123 (348 SE2d 566) (1986); *Atlanta Transit System v. Smith*, 141 Ga. App. 87, 89 (232 SE2d 580) (1977).

There was no error in sending the medical records out with the jury.

3. Hodson claims that the trial court erred by refusing to admit certain medical records of non-testifying physicians who had treated Mawson. Even if the records would otherwise have been admissible pursuant to OCGA § 24-3-4 to show facts or history stated by Mawson to the physicians, it was still necessary for Hodson to lay a proper foundation for admission of the records. Hodson, who submitted this evidence as business records pursuant to OCGA § 24-3-14 and not as certified medical records pursuant to OCGA § 24-7-8, failed to produce the requisite foundation testimony of a witness who was familiar with the method of record keeping and who could testify to facts showing the entry was made in the regular course of business at the time of the event or within a reasonable time thereafter. *Suarez v. Suarez*, 257 Ga. 102, 103-104 (355 SE2d 649) (1987). The trial court properly excluded the evidence.

There is no merit to Hodson's contention that the records were authenticated in a pre-trial order entered in the case because the record shows that no pre-trial order was signed by the trial court.

4. Hodson contends that certain testimony given over his objection by Mawson's treating physician as to a causal connection between the accident and an injury she suffered to her hip area should have been excluded because the physician merely stated there was a possible connection rather than stating the connection was reasonably probable. "While medical testimony as to the mere possibility of a causal relation between a given event and the subsequent physical or mental condition of an injured person will not establish the causal relationship, medical evidence which shows the possibility of a causal relationship in conjunction with other evidence, non-expert in nature, indicating that such a relation exists, is sufficient to establish the causal relation." (Citation and punctuation omitted.) *Hert v. Gibbs*, 191 Ga. App. 471, 472 (1) (382 SE2d 191) (1989). The physician's testimony was properly admitted along with other non-expert testimony which authorized the jury to find a causal connection between the injury and the accident. Id.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 17, 1997 —
RECONSIDERATION DENIED JULY 23, 1997 — 

*Greer, Klosik & Daugherty, Robert J. McCune*, for appellant.
*Lefco & Blumenthal, Stanley M. Lefco, Ned Blumenthal*, for appellee.