## A98A0418. BUFORD v. BENTON.
### (501 SE2d 272)

BLACKBURN, Judge.

Margaret Perkins Buford sued George Benton for injuries sustained in a car wreck, claiming that such wreck was caused by Benton's negligent driving. After trial, the jury returned a verdict in favor of Benton, and Buford appeals, claiming that the trial court (1) improperly failed to charge the jury on the doctrine of sudden emergency, (2) improperly excluded certain medical records from evidence, and (3) improperly excluded a summary of medical expenses and lost wages from evidence. For the reasons set forth below, we affirm the verdict.

On April 17, 1993, at about 12:30 p.m., in broad daylight, plaintiff Buford rear-ended Benton's car while driving down Georgia Highway 29. Buford contends that Benton's vehicle was traveling ahead of her vehicle and they were both traveling at approximately 50 mph, when she realized Benton's vehicle had come to a stop. There were no skid marks. Buford contends that she ran into the rear of Benton's vehicle because Benton's vehicle had no brake lights. Buford testified that she "didn't slam my brakes on, I eased my brakes on." Buford acknowledged that she took no notice of Benton's vehicle slowing from 50 mph to a stop directly in front of her. Buford testified that she did not see any lights on Benton's vehicle, she did not testify that there were no lights. Indeed, Buford conceded that she would defer to investigating officer Talley as to the existence of operative lights on the rear of Benton's vehicle at the time of the accident. Trooper Talley testified that one of the bulbs on the rear lights was working after the accident.

Benton contended that he stopped at a normal rate to make a left turn, that he used his turn signal, and that his brake lights were working. Each of the parties blamed the other for causing the accident.

1. In her first enumeration of error, Buford contends that the trial court erroneously failed to charge the jury on sudden emergency, as requested by her.

"The defense of emergency is not available unless the evidence shows that there has been a sudden peril caused by circumstances in which the defendant did not participate and which offered him a choice of conduct without time for thought so that negligence in his choice might be attributable not to lack of care but to lack of time to

assess the situation. . . . The doctrine requires that the person confronted by the emergency have the opportunity to exercise one of several reasonable alternative courses of action. In the absence of such factors, there can be no conduct to which to apply the standard and the doctrine is inapplicable." (Punctuation and emphasis omitted.) *Thomas v. Stairs*, 215 Ga. App. 288, 289 (1) (450 SE2d 326) (1994). A plaintiff may also use the doctrine of sudden emergency as a defense in connection with the issue of comparative negligence, as Buford wished to do here. *Robinson v. MARTA*, 197 Ga. App. 628, 629 (2) (399 SE2d 252) (1990) (physical precedent).

In addition, Trooper Robert Talley, the investigating officer, testified that he noted on the traffic report that Buford had been following Benton too closely and driving too fast for conditions prior to the collision. Under the facts of this case, including the fact that Buford contributed to the accident by following too closely and driving too fast, we cannot say that the trial court erred by not charging the jury on the doctrine of sudden emergency.

2. In her second enumeration of error, Buford contends that the trial court erroneously excluded from evidence certain medical records with regard to her injuries and treatment.

"If a hospital record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based. Exactly the same rule applies to any inadmissible testimony contained in the hospital record, including hearsay, and hospital records admitted in toto rather than through selected relevant portions were inadmissible because of the presence therein of hearsay, statements of opinion, and similarly objectionable items." (Citations and punctuation omitted.) *Dennis v. Adcock*, 138 Ga. App. 425, 428 (2) (226 SE2d 292) (1976). Furthermore, OCGA § 24-3-14 (b), the business records exception to the rule against admission of hearsay, provides "[a]ny writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event shall be admissible in evidence in proof of the act, transaction, occurrence, or event, if the trial judge shall find that it was made in the regular course of any business and that it was the regular course of such business to make the memorandum or record at the time of the act, transaction, occurrence, or event or within a reasonable time thereafter." At trial, Buford offered no testimony from anyone which would satisfy these foundational requirements. As such, we cannot say that the trial court abused its discretion in excluding Buford's medical records.

3. In her final enumeration of error, Buford contends that the

trial court improperly excluded from evidence a summary sheet which contained calculations of both her medical expenses and lost wages. Pretermitting the issue of whether this summary sheet was properly excluded, all of the information it contained was brought out in Buford's direct examination. As a result, even if the summary sheet were improperly excluded, there would be no error because the jury had already been given the same information previously.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED APRIL 7, 1998.

*William L. Jones*, for appellant.
*Wood, Odom & Edge, Arthur B. Edge IV*, for appellee.