## A98A1175. JOHNSON v. THE STATE.
### (506 SE2d 212)

JOHNSON, Presiding Judge.

A jury found Gary Johnson guilty of driving under the influence of alcohol to the extent he was a less safe driver, failing to stop at a stop sign, and possessing an open container of alcohol while operating a vehicle. Johnson appeals, and we affirm.

1. In his first enumeration of error, Johnson contends the trial court erred in commenting on the evidence. Specifically, Johnson argues that during a colloquy with counsel regarding the admissibility of the uniform traffic citation, the trial court stated in the presence of the jury that the citation, which Johnson signed, was admissible to show Johnson's knowledge of the contents of the traffic citation. The record shows that Johnson's description of the facts at issue varied greatly from the state's description of the facts at issue. Thus, his knowledge of the facts as stated in the traffic citation may have been an important issue for the jury's determination regarding the credibility of the witnesses and the weight to be given the evidence. The officer testified that he informed Johnson of what was on the ticket and Johnson signed the ticket.

During the colloquy, the trial judge stated, "I'm admitting [the traffic citation] as evidence in this case. It's one of the charges against him to show his knowledge." Johnson's counsel excepted to the admission of the traffic citation and then stated, "And I would object, Your Honor, to the Court's comments saying it shows his

---

knowledge." To which the trial judge responded, "Well, if somebody signs something, . . . as a matter of law they are presumed to — if he can't read and write that's a different story. Now, I don't know anything about it. Objection overruled." Johnson's counsel then made another motion for mistrial "based on the comments of the Court on the evidence as to whether it shows knowledge." The trial judge replied, "I'm not commenting on the evidence. That's up to the jury."

Even assuming that the trial court's comments were opinions as to what had been proven in the case, the rule which prohibits an expression or intimation of opinion by the trial court as to what has or has not been proven does not extend to colloquies between the judge and counsel regarding the admissibility of evidence. OCGA § 17-8-57; *Rowe v. State*, 266 Ga. 136, 139 (2) (464 SE2d 811) (1996); *Aman v. State*, 223 Ga. App. 309, 310 (2) (477 SE2d 431) (1996). "[R]emarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." (Citation and punctuation omitted.) *McGinnis v. State*, 258 Ga. 673, 675 (4) (372 SE2d 804) (1988); *Mathis v. State*, 171 Ga. App. 620 (1) (320 SE2d 861) (1984). The trial judge's comments in this case were correct statements of the law explaining the reason for his ruling. They did not constitute an improper expression or intimation of opinion.

Furthermore, the trial judge charged the jury that "by no ruling or comment which the Court has made during the progress of the trial or during this charge has the Court intended to express any opinion upon the facts of this case, upon the credibility of the witnesses, upon the evidence or upon the guilt or innocence of the defendant. All of these matters belong exclusively to you for your judgment and determination." For these reasons, we believe this enumeration lacks merit.

2. Johnson next contends the trial court erred in admitting into evidence the uniform traffic citation, which contains the arresting officer's notation that Johnson refused the state-administered breath test. He maintains that evidence of his refusal to take the breath test constitutes a discovery violation and that allowing the traffic citation to go out with the jury constitutes a violation of the continuing witness rule. We disagree.

(a) According to Johnson, he requested prior to trial that the state provide him with copies of all custodial statements made by him. He argues that under OCGA § 17-16-22, providing discovery rights in misdemeanor cases, he requested a copy of the uniform traffic citation showing his refusal to submit to the state-administered breath test. Johnson contends that since the state did not provide him with a copy of the citation, it was not admissible at trial, and the admission of the citation harmed his case. This argument lacks merit.

The arresting officer testified without objection that Johnson refused to submit to a breath test. In fact, Johnson admitted at trial that he refused the officer's request that he take a breath test. Pretermitting the question of whether the notation on the traffic citation was an in-custody statement subject to the provisions of OCGA § 17-16-22, Johnson was not harmed by the introduction of evidence which was already before the jury. "We will not grant a new trial or reverse a case for error unless it is also shown to be harmful, and evidence is harmless where admissible evidence of the same fact is before the jury. [Cit.]" *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642) (1989); see also *Arrington v. State*, 224 Ga. App. 676, 680 (3) (b) (482 SE2d 400) (1997). Assuming without deciding that error occurred in admitting the uniform traffic citation, any such error was harmless.

(b) Allowing the uniform traffic citation to go out with the jury does not violate the continuing witness rule. It is well established that the proscription against allowing the jury to possess "written testimony" during deliberations does not extend to documents that are relevant and admissible as original documentary evidence in the case. *Hodson v. Mawson*, 227 Ga. App. 490, 491 (2) (489 SE2d 855) (1997). Moreover, all the circumstances connected with an accused's arrest are admissible as evidence at trial, including copies of traffic citations issued against the accused. *Howell v. State*, 179 Ga. App. 632, 634 (2) (347 SE2d 358) (1986).

The fact that the traffic citation in the present case included the arresting officer's notation that Johnson refused to submit to a breath test does not alter our opinion. If there was any error in allowing this evidence to go out with the jury, the error was harmless as a matter of law since both Johnson and the arresting officer testified during trial that Johnson had refused to submit to the breath test. See *Ansley v. State*, 198 Ga. App. 452, 453 (402 SE2d 73) (1991). Therefore, it is highly probable that the notation on the traffic citation did not contribute to the verdict. See *Hightower v. State*, 166 Ga. App. 744, 748 (5) (305 SE2d 372) (1983), rev'd on other grounds, *State v. Hightower*, 252 Ga. 220 (312 SE2d 610) (1984); *Rains v. State*, 161 Ga. App. 361, 362 (3) (288 SE2d 626) (1982).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED AUGUST 20, 1998.

*Weaver & Weaver, George W. Weaver, Jeffrey L. Floyd*, for appellant.

*Roger Queen, District Attorney, Joe W. Hendricks, Jr., Assistant District Attorney*, for appellee.