A02A0442. LUNSFORD et al. v. LABORATORY CORPORATION OF AMERICA.
(568 SE2d 597)

MIKELL, Judge.

Ann and William Lunsford filed an action against Laboratory Corporation of America ("LabCorp") alleging that one of LabCorp's employees negligently placed a needle in Ann Lunsford's arm to draw blood, which resulted in a permanent injury to her median nerve. A Cobb County jury rendered a verdict in favor of the defendant. In their sole enumeration of error on appeal, the Lunsfords argue that the trial court erred by admitting and sending back to the jury room a page of notes from Ann Lunsford's medical record. "Admission of evidence is 'committed to the sound discretion of the trial court, whose determination shall not be disturbed on appeal unless it amounts to an abuse of discretion.' "[1] Having found no such abuse of discretion, we affirm.

---

[1] (Citation omitted.) *Chambers v. Gwinnett Community Hosp.*, 253 Ga. App. 25, 26 (1) (557 SE2d 412) (2001).

Lunsford's treating physician, Dr. Marvin Rachelfsky, diagnosed her median nerve injury. The medical record in question was a page from Dr. Rachelfsky's notes, which discussed the results of Lunsford's electromyogram ("EMG") study. Portions of the document were redacted by the judge. The portions remaining provided:

> EMGs tested: right biceps, triceps, finger and wrist extensors, flexor carpi radialis, opponens pollicis brevis muscle showing normal insertional activity. No spontaneous activity or fibrillations or sharp waves or fasciculations. There was decreased interference pattern, flexor carpi radialis. Otherwise all muscles tested were within normal limits with good recruitment and full interference pattern. Median nerve was tested. Distal latency shows motor latency of 2.8 and proximal latency of 6.8 and distance of 18 and conduction velocity of 45 mps and evoked responses 5 millivolts with normal being greater than equal to 3 millivolts, median and F wave was 27 ms and normal being less than 30 ms and median sensory was 3.5 with normal being less than 3.7 ms. OVERALL IMPRESSION: Electrical studies showed median nerve working well at this point.

The document was admitted after the close of the evidence but prior to closing argument.

Appellants argue that the admission of the record was erroneous because the document was offered to impeach Dr. Rachelfsky's testimony. Thus, pursuant to OCGA § 24-9-83, appellee should have been required to lay a proper foundation for its admission by showing or reading it to Dr. Rachelfsky before it was introduced. Though the record shows that the document was initially offered to impeach Dr. Rachelfsky, it was not admitted for that purpose. After appellants' counsel objected, appellee offered, and the court admitted, the document as original evidence. When appellants' counsel later sought to perfect the court's ruling, the court reiterated that the document was not admitted for impeachment purposes, but because it contained the results of a specific test conducted on Lunsford. Thus, appellants' argument that the appellee did not lay the proper foundation to admit the document for impeachment purposes is moot.

The appellants' enumeration of error might be read to challenge the lack of a proper foundation to admit the document as original evidence. "If a hospital record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record

must qualify as an expert and relate the facts upon which the entry was based."[2] Although the trial court did not expressly recognize Dr. Rachelfsky as an expert, the testimony established that he was licensed to practice medicine in Georgia and was board-certified in neurology. The court impliedly recognized him as an expert by allowing him to testify repeatedly to his opinion on medical issues.

Moreover, the record shows that during his direct examination, Dr. Rachelfsky testified in detail about the EMG study. He explained how both the EMG test and the nerve conduction tests are performed. That testimony adequately related the facts upon which the entry was based.

In any event, the admission of the report was harmless. Dr. Rachelfsky testified that the only abnormality he found on Lunsford's test was a decreased interference pattern in the flexor carpi radialis muscle and that this was an objective finding; that the nerve conduction study was normal; and that Lunsford could have a normal nerve conduction study and still have a median nerve injury. On cross-examination, Dr. Rachelfsky again testified that the results of the EMG study were normal with the exception of the one finding. Then, on redirect, he stated, "The EMG test basically showed the nerve was not cut and was functioning within the normal limits of that examination," but that this was not conclusive because "[his] overall impressions were based on the history [Lunsford] gave [him] in her examination. The EMG testing is just one part of that examination." Therefore, the document, as redacted, was merely cumulative of Dr. Rachelfsky's testimony.

Appellants also argue that the trial court's redaction of certain parts of the record had the effect of emphasizing evidence favorable to the defense. When the trial court announced which portions of the document would not be permitted, however, appellant did not object. Thus, appellants' argument that the trial court's redaction of certain portions of the document was erroneous is waived.[3]

Finally, appellants contend that the trial court violated the continuing witness rule when it allowed the document to go out with the jury. We disagree. The general rule is that "[w]ritten documents . . . that substitute for testimony may not be taken into the jury room when the jury retires."[4] "The proscription on the jury's possession of 'written testimony' does not extend to documents which are themselves relevant and admissible as original documentary evidence in a

---

[2] (Punctuation omitted.) *Buford v. Benton*, 232 Ga. App. 102, 103 (2) (501 SE2d 272) (1998).

[3] See *Sharpe v. Dept. of Transp.*, 270 Ga. 101, 103-104 (505 SE2d 473) (1998).

[4] (Citations omitted.) *Johnson v. State*, 244 Ga. 295, 296-297 (3) (260 SE2d 23) (1979).

case."[5] We find no error in the trial court's decision to allow the document to go out with the jury.

*Judgment affirmed. Blackburn, C. J., Andrews, P. J., Johnson, P. J., Smith, P. J., and Miller, J., concur. Phipps, J., dissents.*

PHIPPS, Judge, dissenting.

I dissent because the trial court violated the continuing witness rule when it allowed the exhibit to go out with the jury.

In Georgia, the "continuing witness" objection is based on the idea that

> written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is heard but once.[6]

Although the exhibit was never offered or admitted during Dr. Rachelfsky's testimony, he did testify in detail about the EMG test. Thus, it would fall into the "continuing witness" category.[7]

The majority finds no violation of the "continuing witness" rule based on its conclusion that the exhibit was relevant and admissible as original evidence. While the exhibit was clearly relevant, neither party laid the proper foundation for its admission. Dr. Rachelfsky, who entered the diagnostic opinions and conclusions in the exhibit, was never qualified as an expert.[8]

The Lunsfords timely objected to the admission of the exhibit as a violation of the "continuing witness" rule. Their objections should have been sustained. A new trial is in order.[9]

DECIDED JULY 9, 2002.

*Johnson & Cooper, Jean E. Johnson, Jr., Jackel, Rainey, Busch &*

---

[5] See *Hodson v. Mawson*, 227 Ga. App. 490, 491 (2) (489 SE2d 855) (1997); *Stacey v. Caldwell*, 186 Ga. App. 293 (367 SE2d 73) (1988).

[6] (Citation and punctuation omitted.) *McAlpine v. Leveille*, 258 Ga. 422, 423 (2) (369 SE2d 907) (1988).

[7] See id.

[8] See *Buford v. Benton*, 232 Ga. App. 102, 103 (2) (501 SE2d 272) (1998).

[9] See *Thomason v. Genuine Parts Co.*, 156 Ga. App. 599, 601 (275 SE2d 159) (1980).

*Reed, Dana L. Jackel, James L. Rainey, Christopher L. Phillips*, for appellants.
*Fisher & Phillips, Griffin B. Bell, Jr.*, for appellee.