**SECOND DIVISION
MILLER, P. J.,
MERCIER, J., and SENIOR APPELLATE JUDGE PHIPPS.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 3, 2021**

# In the Court of Appeals of Georgia

A20A1994. PATTAROZZI v. THE STATE.

PHIPPS, Senior Appellate Judge.

A jury convicted Terry Monty Pattarozzi of two counts of failure to register as a sex offender, and the trial court denied his motion for a new trial. On appeal, Pattarozzi contends that his trial counsel rendered ineffective assistance by failing to object to four exhibits going out with the jury. For the following reasons, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

The record shows that, as the result of a 1993 conviction, Pattarozzi was required to register as a sex offender with the Chattooga County Sheriff's Office. On December 13, 2018, a deputy in the Chattooga County Sheriff's Office received

information regarding Pattarozzi. Based on this information, the deputy began an investigation into Pattarozzi, first by pulling his file to see if any new addresses had been added, then by attempting unsuccessfully to make contact with Pattarozzi and his wife by phone. On December 17, 2018, the deputy went to Pattarozzi's house. When she arrived, no one was home. There were no vehicles in the driveway, and there was no sign of the dog that had always barked when the deputy had previously been to Pattarozzi's house. The next day, the deputy, who had never had difficulty reaching Pattarozzi before, was again unable to contact Pattarozzi. The information that she had received and her inability to contact Pattarozzi led the deputy to believe that he had absconded. The deputy applied for and received a warrant for Pattarozzi's arrest on December 18, 2018.

Pattarozzi called the deputy on December 27, 2018, asking whether there was a warrant for his arrest. She told him that she could not give him that information over the phone, but he could come into the office with identification to find out. Pattarozzi was arrested at his house later that afternoon. On December 31, 2018, after he was released from jail, Pattarozzi went to the deputy's office and filled out a change of employment form. On the change of employment form, Pattarozzi stated that he had

changed his employment on September 30, 2018. Pattarozzi told the deputy that he had been in Colorado starting a business.

Pattarozzi was charged with two counts of failure to register as a sex offender. In the first count, Pattarozzi was charged with failing to give the Chattooga County Sheriff's Office updated information regarding his address within 72 hours after his address information changed. In the second count, he was charged with failing to provide updated information regarding his place of employment within 72 hours after his employment information changed.

The evidence introduced by the State at trial included an annual verification form sent to Pattarozzi notifying him that he was due to re-register with the Chattooga County Sheriff's Office within 72 hours prior to his September 21 birthday (exhibit 3); a Georgia sex offender registration notification form with a checklist initialed and signed by Pattarozzi (exhibit 4); the warrant for Pattarozzi's arrest (exhibit 5); and the change of employment information form that Pattarozzi completed on December 31, 2018 (exhibit 6). The affidavit supporting the arrest warrant included the following statement: "Subject is registered at the listed address and has not been located there in over 72 hours. Subject was located by Colorado DOC parole [division] to be

3

residing at 1362 Wolff Street, Denver, CO 80204. Subject failed to [register] this address."

The jury found Pattarozzi guilty on both counts. He filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

On appeal, Pattarozzi argues that his trial counsel rendered ineffective assistance because he failed to object to exhibits 3, 4, 5, and 6 going out with the jury in violation of the continuing witness rule.

> To establish that his trial counsel was constitutionally ineffective, Appellant must prove both deficient performance by counsel and resulting prejudice. To show that his lawyer's performance was deficient, Appellant must demonstrate that the lawyer performed his duties in an objectively unreasonable way, considering all the circumstances and in the light of prevailing professional norms. This is no easy showing, as the law recognizes a 'strong presumption' that counsel performed reasonably, and Appellant bears the burden of overcoming this presumption. To carry this burden, he must show that no reasonable lawyer would have done what his lawyer did, or would have failed to do what his lawyer did not. In particular, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course.

4

Even when a defendant has proved that his counsel's performance was deficient in this constitutional sense, he also must prove prejudice by showing a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. It is not enough to show that the errors had some conceivable effect on the outcome of the proceeding. Rather, Appellant must demonstrate a 'reasonable probability' of a different result, which, the United States Supreme Court has explained, is a probability sufficient to undermine confidence in the outcome.

The reviewing court need not address both components of the inquiry if the defendant makes an insufficient showing on one. In all, the burden of proving a denial of effective assistance of counsel is a heavy one, and Appellant has failed to carry that burden.

*Brown v. State*, 302 Ga. 454, 457 (2) (807 SE2d 369) (2017) (citations and punctuation omitted). See also *Jones v. State*, 318 Ga. App. 342, 346 (3) (733 SE2d 400) (2012) (defendant must show by clear and convincing evidence that the performance of his lawyer was not within the range of reasonable professional lawyering).

Whether a trial attorney renders constitutionally ineffective assistance is a mixed question of law and fact. "The proper standard of review requires that we accept the [trial] court's factual findings unless clearly erroneous, but we

independently apply the legal principles to the facts." *Head v. Carr*, 273 Ga. 613, 616 (4) (544 SE2d 409) (2001). After reviewing Pattarozzi's claims in accordance with these standards, we conclude that he has not met his burden of demonstrating that his trial counsel was deficient.

> In Georgia, the continuing witness objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing to go out with the jury to be read again during deliberations, while oral testimony is received but once. The types of documents that have been held subject to the rule include affidavits, depositions, written confessions, statements, and dying declarations.

*Rainwater v. State*, 300 Ga. 800, 803 (2) (797 SE2d 889) (2017) (citation omitted).

> The continuing witness rule prohibits writings from going out with the jury when the evidentiary value of such writings depends on the credibility of the maker. Documents that are prohibited by the continuing witness rule from going out with the jury include answers to written interrogatories, written dying declarations, and signed statements of guilt. These documents, which generally contain their makers' assertions of purported truths, are ascribed evidentiary value only to the extent that their makers are credible.

*Bryant v. State*, 270 Ga. 266, 270-271 (3) (507 SE2d 451) (1998) (footnotes and punctuation omitted).

On the other hand, it is well established that "the continuing witness rule is inapplicable where the document at issue is original documentary evidence or where the document is non-testimonial in nature because it was not a reduction of or substitute for a person's oral statements or testimony." *Adams v. State,* 344 Ga. App. 159, 166 (3) (809 SE2d 87) (2017) (citation and punctuation omitted). See also *Johnson v. State*, 234 Ga. App. 58, 60 (2) (b) (506 SE2d 212) (1998); *Hodson v. Mawson*, 227 Ga. App. 490, 491 (2) (489 SE2d 855) (1997) ("The proscription on the jury's possession of 'written testimony' does not extend to documents which are themselves relevant and admissible as original documentary evidence in a case.") (citations and punctuation omitted).

At the motion for new trial hearing, trial counsel testified that he was familiar with the continuing witness rule, and that he believed the exhibits at issue, except possibly the arrest warrant, did not violate the continuing witness rule. We agree with trial counsel that exhibits 3, 4, and 6 were not testimonial in nature, and the continuing witness rule was not violated by the jury's possession of these documents during their deliberations. See, e.g., *Davis v. State,* 285 Ga. 343, 348 (8) (676 SE2d

215) (2009) (continuing witness rule not violated by allowing certain letters that were not written testimony, photographs, and a death certificate to go out with the jury); *Forrester v. State*, 315 Ga. App. 1, 6-7 (3) (726 SE2d 476) (2012) (continuing witness rule not violated by allowing acknowledgment signed by defendant that she received a demand for possession to go out with the jury because such document was original documentary evidence, not written testimony); *Relaford v. State*, 306 Ga. App. 549, 557 (3) (f) (702 SE2d 776) (2010) (continuing witness rule not violated by allowing certified copy of defendant's prior conviction admitted for impeachment purposes to go out with the jury); *Adams v. State*, 284 Ga. App. 534, 536-37 (2) (644 SE3d 426) (2007) (continuing witness rule not violated by allowing test results to go out with the jury); *Johnson*, 234 Ga. App. at 60 (2) (b) (continuing witness rule not violated by allowing uniform traffic citation to go out with the jury); *Hodson*, 227 Ga. App. at 491 (2) (continuing witness rule not violated by allowing plaintiff's medical records to go out with the jury). As our appellate courts have found on numerous occasions, "failure to make a meritless motion or objection does not provide a basis upon which to find ineffective assistance of counsel." *Hampton v. State*, 295 Ga. 665, 670 (2) (763 SE2d 467) (2014). "Because the trial court properly would have overruled a continuing witness objection, trial counsel was not deficient for failing

8

to raise such an objection, and thus was not ineffective.*" Robinson v. State*, 308 Ga. 543, 554 (3) (a) (842 SE2d 54) (2020).

Furthermore, pretermitting whether exhibit 5, the arrest warrant, was testimonial in nature and therefore subject to the continuing witness rule, Pattarozzi's trial counsel testified that his decision not to object to the arrest warrant going to the jury "was strategic because my whole argument to the jury . . . was that there was this total lack of evidence, that they heard a rumor that he was in Colorado, checked his house one time and issued a warrant the next morning." Trial counsel testified, "They had no evidence. So I was fine with [the arrest warrant] going to the jury. I wanted the jury to see that that was all they had and that was what law enforcement did in this case." In fact, at trial, trial counsel cross-examined the deputy about Pattarozzi's arrest warrant:

> Q: In the warrant you took out you said that he changed residence, correct?
> A: Yes.
> Q: Okay. I've got the warrant right here. It's State's 5. In the warrant you stated that it was your belief that the subject was located in Colorado and he failed to register his address; is that correct?
> A: That's correct.

Q: Just making sure. All right. So you go knock on his door December 17th, nobody answers the door and December 18th you take out a warrant saying that he moved?
A: Yes.

Pattarozzi argues that allowing the arrest warrant to go out with the jury was not a reasonable strategy because it was inconsistent with trial counsel's strategy before and during trial, which included filing a motion in limine to exclude hearsay statements made by "certain persons in Colorado" and objecting to the same statements at trial. However, even assuming trial counsel's decision to allow the arrest warrant to go out with the jury constituted a change in strategy, a decision to change strategy during trial is not necessarily unreasonable. See *Jenkins v. State*, 354 Ga. App. 674, 682 (5) (c) (839 SE2d 698) (2020) (counsel's decision to change strategy was reasonable).

At the motion for new trial hearing, Pattarozzi's trial counsel was not asked about any inconsistency between his decision to challenge hearsay statements made by "certain persons in Colorado" and his decision not to object to the arrest warrant going out with the jury. "[A]bsent a strong showing that counsel's actions were not reasonable, we will presume that these strategies were not deficient." *Lee v. State*, 316 Ga. App. 227, 230 (1) (a) (728 SE2d 847) (2012) (citation and punctuation omitted).

10

Pattarozzi has not made a strong showing that his trial counsel's strategic decision to allow the arrest warrant to go out with the jury was unreasonable. Consequently, Pattarozzi has not demonstrated that his trial counsel's performance was deficient. Pattarozzi was required to show both prejudice and deficient performance, and his claim of error fails as he has not met his burden of showing deficient performance. See *Brown*, 302 Ga. at 457 (2).

*Judgment affirmed. Miller, P. J., and Mercier, J., concur*.